438 So.2d 1310 (1983)
STATE of Louisiana, Plaintiff-Appellee,
v.
Patricia Rene CAPDEVILLE, Defendant-Appellant.
No. CR83-344.
Court of Appeal of Louisiana, Third Circuit.
October 12, 1983.
*1311 Stewart Thomas, Jennings, Michael J. Hinton, Pizzitola, Hinton & Sussman, Houston, Tex., for defendant-appellant.
W. Gregory Arnette, Jr., Dist. Atty., W.J. Riley, III, Jacquelyne Heinen, Asst. Dist. Attys., Jennings, for plaintiff-appellee.
Before STOKER, LABORDE and KNOLL, JJ.
KNOLL, Judge.
The appellant, Patricia Capdeville, was indicted by the Grand Jury for manslaughter, a violation of LSA-R.S. 14:31. A twelve member jury returned a unanimous verdict of guilty as charged on October 17, 1982. The trial judge imposed a sentence of three years at hard labor plus two additional years in accordance with LSA-R.S. 14:95.2 for having used a firearm in the commission of the crime. The defendant appeals assigning as error: (1) the trial court failed to give due consideration to the recommendations of the presentence investigation; (2) the sentence imposed is unconstitutionally excessive; and (3) the trial court failed to comply with the requirements of LSA-C.Cr.P. Art. 894.1.

FACTS
The defendant is 26 years of age and had been married to the deceased, Jonathan Capdeville, three years at the time of this offense. During the course of their marriage, defendant's husband had slapped her *1312 frequently, and on a few occasions had beaten her with his fists.
At noon on September 29, 1981, Mr. Capdeville returned home from working offshore where he worked shifts of 7 days on and 7 days off. He and the defendant engaged in a heated domestic quarrel which eventually led to the defendant receiving a beating. As a result of the beating she sustained multiple abrasions and contusions.
The beating was administered in the bedroom and bathroom in their mobile home. The defendant had angered her husband when she would not tell him where she had placed her special account savings book. During the fight, she grabbed a .22 caliber rifle. After she grabbed the rifle Mr. Capdeville began beating her with his fists. Somehow the rifle fell to the floor, the fight subsided and the defendant left the bedroom. She returned to the bedroom to get the baby but Mr. Capdeville was holding the baby. She again picked up the rifle; Mr. Capdeville put the baby down and told the defendant the rifle was loaded. The defendant testified that her husband told her that if she was going to shoot him, she would have to shoot him in the back. The defendant pulled the trigger but the safety was engaged. She released the safety, pulled the trigger a second time, shooting her husband in the back killing him.

ASSIGNMENTS OF ERROR
In these assignments of error, the defendant claims the trial judge failed to give due consideration to the recommendations of the presentence investigation, that the sentence was excessive, and that the trial judge failed to comply with the sentencing guidelines, Article 894.1.
In sentencing the defendant, the trial judge commented that he had listened to the testimony at trial and he felt the case was close to first degree murder. The trial judge pointed out that the altercation between the defendant and her husband had subsided and that her husband had turned his back when the defendant shot and killed him. The trial judge stated any lesser sentence would deprecate the seriousness of the offense.
The presentence investigation report recommended six years at hard labor with the Louisiana Department of Corrections, suspended, and placed on five years supervised probation. While the presentence report is helpful to the sentencing court, it is not binding. State v. Bing, 410 So.2d 227 (La.1982). We note that the defendant's statement in the presentence report is inconsistent with her testimony at trial. The record also reflects that the sentencing judge was aware of the presentence report. It was never intended that the sentencing discretion of the sentencing judge be limited by the presentence investigation report, even though the recommendation of the presentence report and the sentencing judge are in conflict.
The trial judge sentenced the defendant to three years at hard labor on the manslaughter conviction, out of a possible twenty-one years. The defendant used a firearm in the commission of the offense, therefore, the trial judge sentenced the defendant to an additional mandatory two years as required by LSA-R.S. 14:95.2, which provides:

"Notwithstanding any other provisions of law to the contrary, any person who uses a firearm or explosive device at the time he commits or attempts to commit the crime of second degree murder, manslaughter, aggravated battery, simple kidnapping, aggravated escape, aggravated burglary, or aggravated arson or attempted aggravated rape, attempted first degree murder or attempted aggravated kidnapping shall upon conviction serve a term of two years imprisonment for the first conviction and upon conviction for each second and subsequent offense listed in this Section, he shall serve a term of five years imprisonment. The penalty provided herein shall be in addition to any other penalty imposed under the provisions of this Title and such person shall serve the additional term of imprisonment without benefit of parole, probation, suspension of sentence or credit for *1313 good time and any adjudication of guilt or imposition of sentence shall not be suspended.

The prison terms provided under the provisions of this Section, shall run consecutively to any other penalty imposed upon conviction of any of the crimes listed in this Section."
The defendant contends that there were numerous mitigating circumstances in her favor, both from the record and the presentence investigation report, but the trial judge failed to give due weight to these circumstances.
Article 894.1, paragraph B provides eleven guidelines to the sentencing court, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation.
Most of the mitigating circumstances enumerated in Article 894.1 were litigated at length during the trial. The verdict against the defendant was an unanimous verdict. The evidence is clear that at the time she shot and killed her husband, the fight between them had subsided. He was holding their baby and when he saw the defendant with the rifle, he put the baby down. The defendant pulled the trigger but the weapon failed to discharge. She pulled the trigger again and shot her husband in the back. It was clearly an unjustified homicide resulting in the loss of a human life.
Although this is the defendant's first conviction, the sentencing court felt a lesser sentence would deprecate the seriousness of the offense. A sentence of three years for manslaughter out of a possible twenty-one years is in the lower range. Since the defendant committed the offense with a firearm she has an additional mandatory 2 years as provided by R.S. 14.95.2. In view of the seriousness of this offense, we do not find the sentence imposed was excessive. State v. Gomez, 365 So.2d 1313 (La.1979).
The trial judge did not give an articulated factual basis for his sentencing choice which is the goal of Article 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). However, this does not automatically render a sentence invalid. State v. Wimberly, 414 So.2d 666 (La.1982). Where a sentence imposed is not apparently severe and is in the lower range of the sentencing scale, a remand is not necessary for compliance with Article 894.1 governing a judge's reasons for sentence. State v. Jones, 412 So.2d 1051 (La.1982).
We find the record fully supports the sentence imposed. Where the record clearly shows an adequate factual basis for the sentence imposed, a remand to require the trial court to restate for the record matters which are already apparent from the record is unnecessary. State v. Day, 391 So.2d 1147 (La.1980); State v. Lanclos, supra; State v. Johnson, 411 So.2d 439 (La. 1982).
A sentence will not be set aside as excessive absent manifest abuse of the trial judge's sentencing discretion. State v. Spencer, 374 So.2d 1195 (La.1979); State v. Sepulvado, 367 So.2d 762 (La.1979). The penalty imposed must be so disproportionate to the crime committed, in light of the harm caused society, as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980). We do not find the sentence imposed so disproportionate to the crime committed as to shock our sense of justice.
These assignments of error are without merit.

DECREE
The conviction and sentence of the defendant are affirmed.
AFFIRMED.