STOKER, Judge,
dissenting.
I respectfully dissent. I agree that the sentencing judge is subject to criticism in the respects outlined in the majority opinion. However, the only aspect of the sentence about which defendant complains is the nine months jail service imposed as a condition of probation. In State v. Capdeville, 438 So.2d 1310 (La.App. 3d Cir.1983) we said:
“The trial judge did not give an articulated factual basis for his sentencing choice which is the goal of Article 894.1. State v. Lanclos, 419 So.2d 475 (La. 1982). However, this does not automatically render a sentence invalid. State v. Wimberly, 414 So.2d 666 (La.1982). Where a sentence imposed is not apparently severe and is in the lower range of the sentencing scale, a remand is not necessary for compliance with Article 894.1 governing a judge’s reasons for *154 sentence. State v. Jones, 412 So.2d 1051 (La.1982).”
Although one considers all the things urged in defendant's favor, including a fine family background, the fact that he is essential to the family business, is a first offender, is youthful, and is making efforts to rehabilitate himself, a probationary sentence of nine months in jail is not, to my mind, an apparently severe punishment for possession of cocaine.