483 So.2d 230 (1986)
STATE of Louisiana, Plaintiff-Appellee,
v.
Edward JOHNSON, Defendant-Appellant.
No. CR85-191.
Court of Appeal of Louisiana, Third Circuit.
February 5, 1986.
Rehearing Denied March 4, 1986.
David L. Wallace, De Ridder, for defendant-appellant.
W.C. Pegues, III, Dist. Atty., De Ridder, for plaintiff-appellee.
Before DOMENGEAUX, LABORDE and KING, JJ.
LABORDE, Judge.
Defendant, Edward Johnson, pleaded guilty to the charge of illegal possession of stolen goods of a value of $500.00 or more, a violation of LSA-R.S. 14:69. After reviewing a pre-sentence investigation report, the trial court sentenced the defendant to two years at hard labor and a $500.00 fine and court costs, or, failing to pay the fine and costs, an additional six months in the parish jail. Defendant, on appeal, asserts that the trial judge erred in imposing an excessive sentence which constitutes cruel and unusual punishment. We do not find the sentence excessive and affirm the conviction and sentence accordingly.

FACTS
Early in 1984, defendant learned of the existence of a cache of pipe belonging to Barton Oil and Gas Company. Defendant passed this information on to one of his students. Defendant had been the shop instructor at Starks High School until his arrest.
A deal was struck between the student and defendant: if defendant would reveal the location of the pipe, the student and his friends would remove the pipe and deliver ten joints of pipe to defendant.
On the appointed night, defendant met the four boys, took them out to the boondocks, and showed them where the pipe was. Defendant then left the scene, leaving the dirty work to the boys. The boys, after loading their trailer with pipe, got dirty indeed trying to free the trailer's wheels from the enveloping mud. Mr. Johnson was contacted and, along with one of the boys' fathers, went back to the well site.
Shrewdly, if mercenarily, defendant renegotiated the arrangement in consideration of his participation in emancipating the trailer. Instead of ten lengths of pipe, Mr. *231 Johnson was now to receive eighteen lengths of the more than thirty lengths of stolen pipe. The pipe was ultimately hauled away that night and subsequently delivered to defendant.
On March 30, 1984, the Beauregard Parish Sheriff's Office was notified that some oilfield pipe had been taken from a well site in the lower part of the parish. The police investigation traced the theft to the defendant and five other individuals who have since entered pleas of guilty to the charge of either receiving stolen things of a value of more than $500.00 (LSA-R.S. 14:69) or felony theft, middle grade, value of between $100.00 and $500.00 (LSA-R.S. 14:67).

ASSIGNMENT OF ERROR
Defendant asserts on appeal that the trial court erred in sentencing the defendant to an excessive sentence in light of defendant's record and the sentences imposed on his co-defendants. A sentence is excessive if it is grossly out of proportion to the severity of the crime, or if it is nothing more than a purposeless and needless imposition of pain and suffering. State v. Phagans 412 So.2d 580 (La.1982). However, the trial judge is given wide discretion in the imposition of sentences and his decision should not be upset absent a manifest abuse of discretion. State v. Prados, 404 So.2d 925 (La.1981); State v. Granier, 442 So.2d 1162 (La.App.3d Cir.1983), writ denied, 444 So.2d 1214 (La.1984).
The sentencing transcript reveals the trial judge's deliberations in sentencing defendant. He properly reviewed the pre-sentence investigation report and carefully followed the sentencing guidelines set forth in our Code of Criminal Procedure. The record reflects that the trial judge specifically mentioned several factors which influenced his decision and thoroughly evaluated all aggravating and mitigating circumstances applicable to the defendant.
Defendant's status as a first-time offender does not preclude the sentence of incarceration, which sentence is within the trial judge's discretion. Likewise, the trial judge's sentencing of the co-defendants to lesser punishment is well within his discretion and shows that the trial judge tailored the sentences to fit each of the defendants.
We note that disparity of sentences between co-defendants involved in the same crime does not render a sentence disproportionate if the nature of the defendant's participation or his character or propensities differ significantly from that of his confederates. See State v. Telsee, 425 So.2d 1251 (La.1983). Defendant's position of authority, maturity level and degree of participation in the crime justified the trial court's sentence of two years. Defendant was the leader of the affair: he led his students to the location; he instigated his students to remove the pipe; he aided their escape from the mud; and he received one-half of the booty in exchange for his efforts.
We also note that the sentence of two years is well within the lower range of sentences which might have been imposed under the statute. The maximum sentence for illegal possession of stolen things when the value of the things is $500.00 or more, shall be imprisonment, with or without hard labor, for not more than 10 years or a fine of not more than $3,000.00, or both. LSA-R.S. 14:69.
Considering all the factual circumstances of the case, and the detailed reasons for sentencing recited by the trial judge, this assignment lacks merit.

DECREE
For the reasons set forth above, the conviction and sentence are affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs.