596 So.2d 327 (1992)
STATE of Louisiana, Plaintiff-Appellee,
v.
David THOMAS, Defendant-Appellant.
CR 91-704.
Court of Appeal of Louisiana, Third Circuit.
March 11, 1992.
*328 John Saunders, Saunders & Vidrine, Ville Platte, for defendant-appellant.
J. William Pucheu, Dist. Atty., Ville Platte, for plaintiff-appellee.
Before GUIDRY, J., and CULPEPPER and MARCANTEL,[*] JJ. Pro Tem.
BERNARD N. MARCANTEL, Judge. Pro Tem.
The issue presented by this appeal is whether defendant's sentences are excessive.
On June 28, 1990, David Thomas (hereinafter defendant) was charged by a bill of information with one count of distribution of cocaine, a violation of La.R.S. *329 40:967(A)(1), and one count of possession of cocaine with intent to distribute, a violation of La.R.S. 40:967(A)(1). Defendant was arraigned on August 3, 1990, and pled not guilty. However, on September 10, 1990, defendant changed his plea to guilty as charged. No plea agreement was negotiated. Defendant was sentenced to fifteen years at hard labor on each count, with the sentences to run concurrently. Defendant now appeals his conviction and sentences alleging four assignments of error, all of which deal with the excessiveness of the sentences imposed.

FACTS
Mary & D.T.'s Game Room, a business establishment owned by defendant, had been under investigation for approximately eight to ten weeks. A detective with the Evangeline Parish Sheriff's Department received information that defendant had received a shipment of crack cocaine and was selling it from behind the counter at the game room. A confidential informant was sent to the game room with three marked twenty dollar bills. While inside the game room, the informant purchased three rocks of cocaine. The informant observed that defendant kept the cocaine in two pink containers behind the counter.
Based upon this information, the Sheriff's Office obtained a search warrant which was executed at approximately 3:30 P.M. on June 28, 1990. As a result of the search of defendant's game room, two of the three marked twenty dollar bills were found on defendant and seized. Two pink containers having approximately 200 rocks of crack cocaine along with $8,300.00 were also found behind the counter and seized. Defendant was then arrested for distribution of cocaine and possession of cocaine with intent to distribute.
Based on the above facts, defendant was charged by a bill of information with one count of distribution of cocaine and one count of possession of cocaine with intent to distribute. Defendant was convicted on both counts and was sentenced to fifteen years at hard labor on each count, with the sentences to run concurrently.

ASSIGNMENTS OF ERROR NUMBERS 1 THROUGH 4
All of defendant's assignments of error will be considered together since they each deal with the excessiveness of the sentences imposed. In Assignments of Error Numbers 1 and 4, defendant contends the trial court failed to consider his first felony offender status and the recommendation of the presentence investigation report that a probated sentence be imposed. In Assignment of Error Number 3, defendant contends the sentence is excessive due to the fact that it was issued after an emotional speech by the trial judge and he was sentenced in conjunction with two other drug offenders. Finally, defendant contends the trial judge considered the location of the offense within a Drug Free Zone in spite of the fact that defendant was not charged pursuant to this statute. La.R.S. 40:981.3.
Defendant was sentenced to fifteen years on each count, distribution of cocaine and possession of cocaine with intent to distribute, to run concurrently. La. R.S. 40:967(A)(1). The maximum term of imprisonment is thirty years and a fine of up to $15,000.00 per count. La.R.S. 40:967(B)(1). The imposition of an excessive sentence is prohibited by both the state and federal constitutions. Art. 1, § 20 of the 1974 La. Const., and U.S. Const. Amendment 8. The imposition of a sentence, although within the statutory limits, may violate a defendant's constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime, or is nothing more than the needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in the light of harm done to society, it is so disproportionate as to shock the sense of justice. State v. Reed, 409 So.2d 266 (La.1982).
The trial judge's reasons in imposing a sentence as required by La.C.Cr.P. art. 894.1 are an important aid to this court when called upon to exercise its constitutional *330 function to review a sentence complained of as excessive. State v. Cann, 471 So.2d 701 (La.1985). The trial judge is given wide discretion in the imposition of a sentence within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Cann, supra.
Before sentencing defendant, the trial judge stated that he had considered the guidelines of La.C.Cr.P. art. 894.1 and gave the factual basis upon which the charges and convictions were based. The trial judge noted the lack of any prior felony record, however, he stated the severity of the present offenses was to be considered. The trial judge also noted the health problems of defendant but stated there were incarceration facilities sufficient to accommodate him. The trial judge found there was an undue risk defendant would commit a similar crime if the sentences were suspended and probation ordered. Further, the trial judge felt a lesser sentence would deprecate the seriousness of the offense. No excusing or justifying grounds were present and the trial judge felt defendant knew or should have known his conduct would cause harm. The trial judge felt the conduct was likely to recur and imposed the sentences to serve as a deterrent from future criminal activity. The record in this case and the presentence investigation report provide an adequate factual basis to support imposition of the sentences.
Defendant also urges the trial court erred by not ordering a probated sentence as recommended by the presentence investigation report, due to his first felony offender status. Although the presentence investigation report is helpful to the sentencing court, it is not binding. State v. Bing, 410 So.2d 227 (La.1982); State v. Capdeville, 438 So.2d 1310 (La. App. 3 Cir.1983). In the instant case, the trial court felt a lesser sentence would deprecate the seriousness of the crime. In the case of State v. Fruge, 445 So.2d 1293 (La.App. 3 Cir.1984), writ den., 447 So.2d 1072 (La.1984), appeal after remand, 470 So.2d 431 (La.App. 3 Cir.1985), this court held that, when an offender receives a favorable presentence report recommending probation, the sentencing court must give due weight and consideration to the report, or justify its failure to do so. In Capdeville, supra, this court found, in light of the seriousness of the offense (manslaughter; victim shot in the back) and the finding of the trial judge that a lesser sentence would deprecate the seriousness of the offense, a sentence of imprisonment was not excessive in spite of a presentence report recommending probation.
As to defendant's first felony offender status, the trial judge considered this; however, he also stated the crimes which defendant committed were very serious. Defendant's status as a first felony offender does not preclude a sentence of incarceration. State v. Johnson, 483 So.2d 230 (La.App. 3 Cir.1986). Defendant was in possession of over 200 rocks of crack cocaine. The trial judge felt the crime was likely to recur. In the case of State v. McDonald, 414 So.2d 735 (La.1982), the Louisiana Supreme Court considered a sentence of imprisonment for a first felony offender. The defendant in that case had sold one pound of marijuana for $500.00. The trial court found the contraband would have been divided for resale. The trial court concluded the offense was a serious one and was likely to recur. The Supreme Court held the reasons cited by the trial judge for imposing a sentence of imprisonment overcame the first felony offender status of the defendant. The Supreme Court also noted that the defendant was a "middle man" in the chain of distribution.
The factors cited by the judge in McDonald, supra, are present in the instant case. The trial judge found the crime to be serious and likely to recur. The amount of contraband seized indicates defendant was not simply a user, but a dealer in the distribution chain. These considerations outweigh the fact that defendant had no prior felony record.
Defendant also claims that the trial judge erred in sentencing him immediately after an emotional speech. Defendant designated *331 as part of the appellate record "reasons of the trial court," however, he did not specifically designate the text of the speech complained about as part of the appellate record. When a defendant fails to designate the portion of proceedings relating to the assignments of error, it is proper for the reviewing court to refuse to consider these assignments of error. State v. Mims, 524 So.2d 526 (La.App. 2 Cir. 1988), writ den. 531 So.2d 267 (La.1988); appeal after remand, 550 So.2d 760 (La. App. 2 Cir.1989), 566 So.2d 661 (La.App. 2 Cir.1990), writ den. 569 So.2d 970 (La.1990).
Finally, defendant claims the trial judge erroneously considered the location of the offense a drug free zone. La.R.S. 40:981.3 provides:
"A. Any person who violates a felony provision of R.S. 40:966 through R.S. 40:970 of the Uniform Controlled Dangerous Substances Law while on any property used for school purposes by any school, within one thousand feet of any such property, or while on a school bus shall, upon conviction, be punished in accordance with Subsection E.
* * * * * *
E. (1) On a first conviction, whoever violates a provision of this Section shall be punished by the imposition of the maximum fine and not less than one-half nor more than the maximum term of imprisonment authorized by the applicable provisions of R.S. 40:966 through R.S. 40:970, with the minimum mandatory term of imprisonment being served without benefit of parole, probation, or suspension of sentence, provided in no case shall the term of imprisonment be less than the minimum term provided in R.S. 40:966 through R.S. 40:970."
Defendant was not charged pursuant to this statute. The trial judge did consider the location of the game room in conjunction with a nearby school. The presentence report stated the distance between the two buildings is 300 feet. This court has held it is proper for the trial judge to consider the underlying circumstances of a crime in order to individualize the sentence. State v. McCarty, 438 So.2d 1296 (La.App. 3 Cir. 1983), writ den., 443 So.2d 1120 (La.1984). Consideration of the location was not error by the trial judge.
In light of the factors cited by the trial judge and the factual basis contained in the presentence investigation report and record, the sentences imposed are not excessive.
Accordingly, the assignments of error are without merit.
For the reasons assigned, defendant's sentences are affirmed.
AFFIRMED.
NOTES
[*] Judge William A. Culpepper, Retired, and Judge Bernard N. Marcantel participated in this decision by appointment of the Louisiana Supreme Court as Judges Pro Tempore.