597 So.2d 1222 (1992)
STATE of Louisiana
v.
Derrick WINFIELD.
No. Cr91-799.
Court of Appeal of Louisiana, Third Circuit.
April 16, 1992.
*1223 Gary J. Ortego, Ortego & Dupre, Ville Platte, for defendant-appellant.
J. William Pucheu, Dist. Atty., Ville Platte, for plaintiff-appellee.
Before GUIDRY, J., and HOOD and MARCANTEL, JJ.[*] Pro Tem.
WARREN E. HOOD, Judge Pro Tem.
On August 19, 1990, the defendant, Derrick Winfield, was arrested for possession of cocaine with intent to distribute at approximately 6:15 p.m. on West Pine Street in Ville Platte, Evangeline Parish, Louisiana. He was charged by bill of information with possession of cocaine with intent to distribute, a violation of La.R.S. 40:967(A)(1). Defendant plead not guilty, and trial was set for August 21, 1990; however, the trial date was continued until February 25, 1991, upon motion of the state. On February 25, 1991, defendant appeared before the court for a change of plea. He was arraigned and Boykinized, and plead guilty as charged. A presentence investigation was ordered. Defendant was sentenced on June 14, 1991, to eight years at hard labor, five years of which were suspended, and supervised probation was ordered for five years. Defendant now appeals his sentence to this court assigning two errors, both of which deal with excessiveness of sentence.

ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial judge failed to consider the mitigating circumstances of the case and the recommendation of probation contained in the presentence investigation report. Although the presentence report is helpful to the sentencing court, it is not binding. State v. Bing, 410 So.2d 227 (La.1982); State v. Capdeville, 438 So.2d 1310 (La.App. 3d Cir. 1983). The judge was aware of the recommendations of the report. The judge cited other considerations for the sentence that show he disagreed with the report. The judge felt defendant was not a candidate for probation and would commit another crime if a suspended or probated sentence were ordered.
The defendant also places emphasis on his status as a first felony offender. This, however, does not preclude a sentence of incarceration. State v. Johnson, *1224 483 So.2d 230 (La.App. 3d Cir.1986). The judge stated a probated sentence would deprecate the seriousness of the offense and that he considered the offense to be a serious one. These reasons have been held by this court to be sufficient to overcome the first felony offender status. State v. Capdeville, supra.
Defendant also contends the judge failed to consider the fact that he is presently employed. Defendant introduced no evidence of prior employment history, and he further told the judge he sold drugs in order to make money. This court in State v. Edwards, 552 So.2d 34 (La.App. 3d Cir. 1989), reversed an excessive sentence; however, in doing so the court considered the work history of the defendant, not just the present employment. Defendant showed no prospect of job security with his present position, and the judge found if defendant's sentence was probated he would likely return to distributing cocaine.
The record is clear that the judge was informed and aware of the mitigating factors; however, the judge obviously felt the circumstances of the case outweighed these mitigatory factors. The above stated reasons reflect the consideration by the trial judge of the guidelines of La.C.Cr.P. art. 894.1. The trial judge adequately complied with the guidelines.
Defendant received eight years at hard labor, five years of which were suspended, and he was placed on five years supervised probation. The maximum statutory penalty for possession of cocaine with intent to distribute is thirty years and a fine up to $15,000. La.R.S. 40:967(B)(1). The imposition of an excessive sentence is prohibited by both the state and federal constitutions. La. Const. art. 1 § 20, and U.S. Const. amendment 8. The imposition of a sentence, although within the statutory limits, may violate a defendant's constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime, or is nothing more than the needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in the light of harm done to society, it is so disproportionate as to shock the sense of justice. State v. Reed, 409 So.2d 266 (La. 1982).
The trial judge's reasons in imposing a sentence as required by La.C.Cr.P. art. 894.1 are an important aid to this court when called upon to exercise its constitutional function to review a sentence complained of as excessive. State v. Cann, 471 So.2d 701 (La.1985). The trial judge is given wide discretion in the imposition of sentence within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Cann, supra.
The defendant contends the trial judge failed to adequately consider the recommendations of the presentence investigation report which recommended probation.
The record clearly reflects the trial court's consideration of the guidelines of La.C.Cr.P. art. 894.1 and supports the sentence imposed. Further, the sentence is not excessive in light of the seriousness of the offense and the fact that almost two-thirds of the sentence was suspended and probation ordered. The judge also cited reasons sufficient to overcome the mitigating factors and the recommendation of the presentence investigation report as discussed above.
Accordingly, this assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2
The defendant contends the judge erred in sentencing him after an emotional speech and together with a major drug dealer. Defendant was sentenced with two other drug offenders, and the speech defendant complains about was made by the judge prior to sentencing these three men. The other two defendants have appeals pending before this court, and both, like defendant herein, assign the speech as error. See State v. David Thomas, CR91-704, and State v. Myron Richard, CR91-797.
*1225 The judge stated in his speech, prior to sentencing, in part:
* * * * * *
"However, and sadly enough, there is another kind of war going, and this is the drug war which is raging internally here in the United States. Right here in Ville Platte, in Mamou, and in the rest of Evangeline Parish, our people are succumbing to it. Yes the drugs are winning. We are giving way to crack cocaine and scores of other kinds of deadly and dangerous drugs.
The drug distributors are destroying the very fiber of life in our people and turning them into useless citizens who can contribute nothing to our society, except to bring shame and disgrace upon us. They cringe like cowards in the night and turn to stealing and looting to buy more poisons. We must not lose our place in the sun. We must not lose the respect of the world. We must go forth and win the war on drugs. We must not destroy ourselves from within these deadly poisons, and let them sap our proud energy to an extent where we will become the laughing stock of the international world.
And the best way that this Court knows of winning the way [sic] on drugs is to put the drug distributors our [sic] of business, yes to lock them up in jail behind bars. That way it will be impossible for them to continue the distribution of these poisonous and devastating drugs that reek havoc upon our citizens, especially the youth of our parish.
What you three men have done in the eyes of the Court is unforgivable. Noone [sic] can feel sorry for your being punished by this Court. This Court will not impose a hollow sentence upon you where others in your situation will believe that they can get similar treatment and continue their distribution of drugs."

* * * * * *
Also, the judge stated he intended the sentences to serve as a deterrent for others.
In the case of State v. Bourgeois, 406 So.2d 550 (La.1981), the Supreme Court considered comments made by a judge in sentencing a first offender for possession of cocaine with intent to distribute. Prior to sentencing, the defendant had sought professional guidance and therapy to combat his drug problem. Defendant's father testified that defendant was welcome to reside at the family residence in the event a probationary sentence was imposed. However, the judge found a probationary sentence was inappropriate and imposed a sentence of fifteen (15) years at hard labor. The Supreme Court found the judge considered an inappropriate factor, i.e. the rampant distribution of drugs in the community. The trial judge stated in reasons for sentencing:
"... It is difficult for children to escape the association of people who are attempting to pass drugs to these children and get even their lunch money, in grammer [sic] schools, elementary schools, high school, college campuses, in fact, even in this very Court."
The Supreme Court considered the first offender status of defendant and his commitment to rehabilitation along with family support and concluded the judge, by concentrating on the seriousness of drugs in society, failed to impose a particularized sentence.
This court in the case of State v. Jones, 473 So.2d 66 (La.App. 3d Cir.1985), considered a sentence imposed after lengthy remarks by the judge. The judge assumed defendant made drug sales in the Lake Charles area other than those for which he was charged. The judge also considered the community's attitudes toward drug trafficking and stated, "the people of this state and particularly the people of this community are strongly opposed to drug sale and traffic." This court found that reference to community attitudes suggested a failure to individualize the sentence. The trial judge also considered the ability of the defendant's father to assist in paying a thirty thousand dollar fine, imposed along with a six month sentence of imprisonment. This court found consideration of these factors to be improper. The case was remanded for resentencing.
*1226 In State v. Davis, 511 So.2d 91 (La.App. 3d Cir.1987) the trial judge sentenced defendant to three years at hard labor and fined him five hundred dollars. The judge stated his reasons for sentencing as follows:
"I find in people that sell marijuana ... that that is a particular, in my opinion a serious crime. If people didn't sell it, people wouldn't use it. Did the defendant's conduct cause or threaten serious harm? I'm going to say it did. Somebody is going to receive harm because of the use of marijuana, and I believe anybody who has been listening to the radio and television and reading the paper over the last five or ten years knows that." The sentencing court also declared, "I don't suspend them on distribution."
This court concluded from the reasons for sentence that the seriousness of drugs and the judge's personal attitude toward them dictated the sentence, and that the trial judge failed to adequately consider the guidelines of La.C.Cr.P. art. 894.1 and individualize the sentence to the offender. This court did note that the reasons for sentence and underlying philosophy were not being condemned.
The judge in the instant case, as in the above cited cases, referred to the pervasiveness of drug trafficking and its effect on society. The speech in the case sub judice occurred before actual sentencing. Following the speech the judge sentenced three drug offenders, including defendant. While the judge did consider community attitude, it is clear the judge particularized the sentence to the defendant utilizing the statutory guidelines of La.C.Cr.P. art. 894.1. Further, it is clear from the reasons cited, the judge's consideration of community attitude did not dictate a sentence not particularized to the defendant. This court has held it is not improper for a judge to take into account larger sociological concerns in imposing sentence as long as the sentence is particularized to the defendant. State v. Hammond, 506 So.2d 1380 (La. App. 3d Cir.1987); State v. Quintero, 527 So.2d 598 (La.App. 3d Cir.1988). In Hammond, supra, the court held that although the judge expressed a general concern about the trafficking of drugs, the sentence was particularized to the defendant utilizing the guidelines of La.C.Cr.P. art. 894.1. In Quintero, supra, the court held that the judge's statements regarding the effect of the sentence on others was proper since the sentence had been particularized to the defendant and the judge merely hoped others would learn from the defendant's mistake.
The comments by the judge in the instant case were general in nature; however, it is clear from the record that the judge considered the defendant's case individually and imposed a sentence particularized to the defendant in spite of his consideration of community standards and pervasiveness of drug trafficking.
Accordingly, this assignment of error is without merit.
THE SENTENCE IS AFFIRMED.
NOTES
[*] Judge Warren E. Hood, retired, and Judge Bernard N. Marcantel, participated in this decision by appointment of the Louisiana Supreme Court as Judges Pro Tempore.