# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-756


STATE OF LOUISIANA

VERSUS

ERIC BLUE

************

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 141,049
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

************

MICHAEL G. SULLIVAN
JUDGE

************

Court composed of Michael G. Sullivan, Elizabeth A. Pickett, and Chris J. Roy, Sr.,[*]
Judges.


**Pickett, J., dissents and assigns written reasons.**

### CONVICTION AFFIRMED; SENTENCE VACATED;
### REMANDED FOR RESENTENCING WITH INSTRUCTIONS.

**James E. Beal**
**Louisiana Appellate Project**
**Post Office Box 307**
**Jonesboro, Louisiana  71251-0307**
**(318) 259-2391**
**Counsel for Defendant/Appellant:**
        **Eric Blue**

**Charles A. Riddle, III**
**District Attorney**
**Post Office Box 1200**
**Marksville, Louisiana  71351**
**(318) 253-6587**
**Counsel for:**
        **State of Louisiana**

---

[*]Honorable Chris J. Roy, Sr., participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Norris J. Greenhouse**
**Assistant District Attorney**
**Post Office Box 444**
**Marksville, Louisiana  71351**
**(318) 253-6394**
**Counsel for:**
      **State of Louisiana**

**SULLIVAN, Judge.**

Defendant, Eric Blue, was charged with armed robbery by bill of information. After a jury trial, he was found guilty of the responsive verdict of first degree robbery in violation of La.R.S. 14:64.1. He filed a motion for post verdict judgment of acquittal or, in the alternative, a motion for new trial. The trial court denied the motions and sentenced Defendant to ten years at hard labor without benefit of probation, parole, or suspension of sentence. He filed a motion to reconsider sentence as well as a motion to modify and amend sentence, both of which were denied.

Defendant now appeals, alleging that the trial court failed to give sufficient consideration to mitigating factors in fashioning his sentence such that a ten-year sentence is excessive for this Defendant in this case. For the following reasons, we affirm Defendant's conviction, vacate his sentence, and remand for resentencing with instructions.

## FACTS

On August 7, 2007, Defendant entered a convenience store owned by Ahmed Guzar in Bunkie, Louisiana. As indicated by Mr. Guzar's testimony, Defendant placed a bag of chips on the counter and told Mr. Guzar to open the register drawer. When Mr. Guzar did not open the drawer, Defendant pulled out a gun. Mr. Guzar asked Defendant if he was playing, and Defendant stated that he was not. Mr. Guzar then opened the register drawer, and Defendant took all of the money inside, which was about six or seven hundred dollars.

1

**ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we have discovered one error patent.

The trial court gave Defendant erroneous advice as to the time period for filing post-conviction relief. At sentencing, the trial court stated, in pertinent part: "You'll have five days to appeal. . . . [T]hree days to apply for post conviction relief."

According to La.Code Crim.P. art. 930.8, the prescriptive period for filing post-conviction relief is two years, and it begins to run when the defendant's conviction and sentence become final under the provisions of La.Code Crim.P. arts. 914 or 922. Thus, the trial court erroneously advised Defendant of the prescriptive period for filing post-conviction relief. Accordingly, the trial court is directed to inform Defendant of the correct prescriptive period at resentencing.

**ASSIGNMENT OF ERROR**

In his sole assignment of error, Defendant contends that a ten-year sentence was excessive for this twenty-six-year-old first offender with no prior criminal record. Defendant argues that the trial court "gave undue weight to a portion of Code of Criminal Procedure Article 894.1, because of an apparent rash of armed robberies in the area and his idea that he needed to make an example out of this defendant."

In his motion to reconsider sentence, Defendant asserted no grounds for excessiveness other than "the sentence is excessive in light of the circumstances of the crime and [Defendant] is entitled to reduction of sentence pursuant to same." At the hearing on the motion, Defendant urged the trial court to consider the same mitigating factors that he alleges in this appeal, but he did not address the trial court's

2

reference to the rash of armed robberies. Because the Defendant did not make this specific objection to the trial court, his excessiveness claim, as it relates to this issue, is barred by La.Code Crim.P. art. 881.1. However, in the interest of justice, this court has previously chosen to review such an assignment as a bare claim of excessiveness. *State v. Hargrave*, 05-1027 (La.App. 3 Cir. 3/1/06), 926 So.2d 41, *writ denied*, 06-1233 (La. 11/22/06), 942 So.2d 552.

This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that **sentences must be individualized to the particular offender** and to the particular offense

3

committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to **particularize the sentence** because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061 (emphasis added).

Defendant was originally charged with armed robbery but was convicted of the responsive verdict of first degree robbery, a violation of La.R.S. 14:64.1. The penalty for a violation of La.R.S. 14:64.1 is imprisonment at hard labor for not less than three years and for not more than forty years, without benefit of parole, probation, or suspension of sentence. Thus, Defendant's sentence of ten years at hard labor falls within the statutory range. This court has held, however, that a sentence which falls within the statutory limits may be excessive under the circumstances. *State v. Naquin*, 527 So.2d 601 (La.App. 3 Cir. 1988).

In its reasons for sentencing, the trial court made the following comments while discussing the sentencing guidelines listed in La.Code Crim.P. art. 894.1:

> [N]umber three is omnipotent, it's extremely important. A lessor [sic] sentence would deprecate the seriousness of the defendant's crime. There has just been a rash and there is some elements, small, but there is some element of deterrence that is [–] I mean every case is taken and we don't just sentence people to teach other people. I have to sentence Mr. Blue according to the crime he's been convicted of and what I think is necessary in his particular case, but you know the seriousness of the crime. Just as I've indicated to the Court just yesterday, two young men sat up here for their seventy-two hour hearing, after just being arrested for armed robbery, and I couldn't count, I guess on both hands in the last two years the armed robberies now that we got. Most of them stemming from the Bunkie area. And I mean it's just, you know, and yesterday's case according to the police is a fine example. One young man is lookout and the other young man walks in with a gun and a bandana over his face, and the young man who's a lookout thinks that he's going to say [–] this is just the police's version, I don't know what's true and what's not true, but the one who's just the lookout wants to say I didn't touch a gun. I didn't walk in the store. I was just the lookout, and

4

nobody seems to understand the parameters that he's going, you know, according to the police's version he would be a principal, just as guilty as the person who walked in. But in any event the point I'm trying to make of that is that there's this rash of and exploding now [–] rash of these type crimes occurring. And when these things start occurring with more frequency, what's going to happen next? Criminals are going to start pulling the trigger or store owners are going to start pulling the trigger. Some seventeen[-year-old] young man still in high school is going to get killed. Because he chose that path. Cause he saw it happen so much.

At the hearing on the motion to reconsider sentence, the trial court defended imposition of the ten-year sentence by again emphasizing the rash of armed robberies:

What led me to the ten year sentence the first time . . . more than anything else is simply precedent. We've had a rash of these recently and in the specific area, a number of these recently, the armed robberies. And of course the armed robbery is what a maximum of ninety-nine years and the first degree I think is three to forty. Under either of those scenarios he did receive a lessened sentence. . . . But there [sic] precedent looms large as I've said before in this case. Means everything to me and I've got some cases coming and I don't know if anyone will be convicted or what of, but these are serious crimes and they must have serious ramifications.

In *State v. Ray*, 423 So.2d 1116 (La.1982), the supreme court vacated a ten-year sentence at hard labor imposed on the defendant after a forgery conviction. The *Ray* court noted:

[A]s a prelude to the imposition of sentence, the trial judge lectured the defendant on the recent rash of burglaries in the Shreveport area. The judge remarked that the "big thing" among burglars in the Shreveport area at the time was to steal checks, "and then these checks would later appear at one of the local financial institutions forged and so it is a serious problem that is facing our community, this business of having forged checks that come from burglaries." The judge tried to qualify his remarks by stating that he did not mean to suggest that the defendant was involved in the burglaries; however, he did suggest that the defendant had "[m]aybe . . . got together" with the burglar who had stolen the checks. The judge followed his burglary lecture by stating that, taking "all of these things together," the defendant had shown an utter disregard for the laws of society and that the defendant was in the need of correctional treatment.

5

> As we noted in [*State* v.] *Dunns*, [404 So.2d 1235 (La.1981)], **it is not improper for the judge to take into account larger sociological concerns in imposing sentence, as long as the sentence is particularized to the defendant**. 404 So.2d at 1236. However, we are forced to conclude that this trial judge erred in basing the sentence in part upon the recent rash of burglaries in the Shreveport area.

*Id.* at 1120-21 (emphasis added).

In *State v. Winfield*, 597 So.2d 1222 (La.App. 3 Cir. 1992), this court was faced with an issue similar to the one found in *Ray*, where the trial court made an emotional speech prior to sentencing warning about the danger of drugs in society. After reviewing the relevant jurisprudence, we affirmed the defendant's sentence, noting that "[w]hile the judge did consider community attitude, it is clear the judge particularized the sentence to the defendant utilizing the statutory guidelines of La.C.Cr.P. art. 894." *Id*. at 1226. In addition, we found that it was "clear from the reasons cited, the judge's consideration of community attitude did not dictate a sentence not particularized to the defendant." *Id*.

In *State v. Searile*, 94-7, p. 7 (La.App. 3 Cir. 10/5/94), 643 So.2d 455, 459, this court held that:

> Although the sentencing judge mentioned the deterrent value of the sentence for others similarly engaged in criminal activity, which was improper . . ., a careful study of his reasons for sentencing indicate that the emphasis was on defendant's criminal history of prior felony and misdemeanor convictions and arrests, the sociological impact of defendant's crime, the seriousness of the crime, the likelihood that the defendant would commit a similar crime, and the amount of predesigned concern in this crime. In other words, the sentence was particularized to this defendant. For these reasons, we cannot say that the maximum sentence imposed in this case was constitutionally excessive.

At sentencing in this matter, the trial court emphasized its concern regarding the rash of armed robberies in the area and its interest in deterring such violent crimes. It lectured about the seriousness of armed robbery and even mentioned its

6

concern for a hypothetical seventeen-year-old who chooses to participate in an armed robbery because it is so common in the community. At the hearing on the motion to reconsider, the trial court again emphasized the recent rash of armed robbery cases, noting that, "**these** are serious crimes and **they** must have serious ramifications." (Emphasis added.)

Defendant is a first-time felony offender with no prior criminal history, juvenile or adult. The trial court noted that Defendant did not manifest cruelty to the victim and that he was remorseful for his crime. It further noted that Defendant was not necessarily in need of imprisonment; that Defendant would be a good candidate for probation if it were available; and that it was unlikely that Defendant would commit another crime during a sentence of probation. The trial court was of the opinion that imprisonment would cause excessive hardship to Defendant and his children.

While the trial court did mention several mitigating factors at the sentencing hearing, we are convinced that it gave undue consideration to the rash of armed robberies in the area and its apparent desire to deter similar crimes in the future, much like the lower court did in *Ray*, resulting in a sentence that was not particularized to this Defendant. Accordingly, we remand this case for resentencing. We pretermit any discussion of whether Defendant's sentence was otherwise excessive.

## CONCLUSION

Defendant's conviction is affirmed, but his sentence is vacated and the matter is remanded for resentencing. The trial court is directed to inform Defendant of the correct prescriptive period for filing post-conviction relief at resentencing.

**CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED FOR RESENTENCING WITH INSTRUCTIONS.**

7

STATE OF LOUISIANA

VERSUS

ERIC BLUE

**PICKETT, J., dissenting.**

I disagree with the majority's opinion. The majority acknowledges that the defendant's excessiveness claim as it relates to the issue of the trial court's comments about other crimes is barred by La.Code. Crim.P. art. 881.1. He then bases his conclusion that the sentence was not particularized to the defendant on the fact that the trial court gave undue weight to the other armed robberies in the community.

In *State v. Ray*, 423 So.2d 1116 (La.1982), the defendant was convicted of forgery and sentenced to the maximum penalty of ten years. The trial court did not discuss the factors in La.Code Crim.P. art. 894.1, except to mention that he "considered those items." The record did not show that the judge took any of those factors into account otherwise. There was no discussion of mitigating factors. There was no PSI. Then, the court talked about a rash of burglaries of checks that were later presented as forgeries to banks without any evidence the defendant was involved in such a scheme.

I believe this case is more like *State v. Winfield*, 597 So.2d 1222 (La.App. 3 Cir. 1992), where the court did set a particularized sentence, but also discussed the

1

problem that drugs play in our society. This court upheld the sentence. We did so based on a particular assignment of error, not a bare excessiveness claim.

In the case before us, the trial court at sentencing went through the aggravating and mitigating factors as required by La.Code Crim.P. art. 894.1. The trial court acknowledged that the defendant was a first offender with a family who relied on him for support. These mitigating factors, however, were outweighed by the trial court's determination that a lesser sentence would "deprecate the seriousness of the defendant's crime." La.Code Crim.P. art. 894.1(A)(3). The trial court clearly particularized this sentence for a conviction by a jury of a crime of violence to this defendant. I find no error in the trial court's determination.

I would find that the mid-range sentence of ten years is not excessive for this defendant. For that reason, I respectfully dissent.