STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

09-1111

STATE OF LOUISIANA

VERSUS

ERIC BLUE

****************

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 141,049-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

****************

JAMES T. GENOVESE
JUDGE

****************

Court composed of Sylvia R. Cooks, James T. Genovese, and David E. Chatelain,*
Judges.

SENTENCE AFFIRMED WITH INSTRUCTIONS.

James E. Beal
Louisiana Appellate Project
Post Office Box 307
Jonesboro, LA 71251-0307
(318) 259-2391
COUNSEL FOR DEFENDANT/APPELLANT:
    Eric Blue

Charles A. Riddle, III
District Attorney – Twelfth Judicial District
Assistant District Attorney Norris J. Greenhouse
Post Office Box 444
Marksville, LA 71351
(318) 253-6394
COUNSEL FOR APPELLEE:
    State of Louisiana

_____
    *Honorable David E. Chatelain participated in this decision by appointment of the
Louisiana Supreme Court as Judge Pro Tempore.

**GENOVESE, Judge.**

In this criminal case, the Defendant, Eric Blue, was convicted of first degree robbery and was sentenced to serve six years at hard labor. He appeals his six-year sentence alleging excessive sentence. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

> On August 7, 2007, [the] Defendant entered a convenience store owned by Ahmed Guzar in Bunkie, Louisiana. As indicated by Mr. Guzar's testimony, [the] Defendant placed a bag of chips on the counter and told Mr. Guzar to open the register drawer. When Mr. Guzar did not open the drawer, [the] Defendant pulled out a gun. Mr. Guzar asked [the] Defendant if he was playing, and [the] Defendant stated that he was not. Mr. Guzar then opened the register drawer, and [the] Defendant took all of the money inside, which was about six or seven hundred dollars.

*State v. Blue*, 08-756, p. 1 (La.App. 3 Cir. 12/10/08), 998 So.2d 1242, 1243.

On September 18, 2007, the Defendant was charged with armed robbery, a violation of La.R.S. 14:64. On November 7, 2007, subsequent to trial by jury, he was unanimously found guilty of the responsive verdict of first degree robbery, a violation of La.R.S. 14:64.1. A Motion for Post Verdict Judgment of Acquittal or in the alternative a Motion for New Trial was filed on January 15, 2008. Those motions were heard and denied on January 17, 2008. On that same date, he was sentenced to ten years at hard labor without benefit of parole, probation, or suspension of sentence. On February 6, 2008, a Motion to Reconsider Sentence was filed. That hearing was held on April 3, 2008, and the motion was denied. On appeal, this court affirmed the Defendant's conviction, but remanded the matter for resentencing, ruling that the trial court "gave undue consideration to the rash of armed robberies in the area and its apparent desire to deter similar crimes in the future . . . resulting in a sentence that was not particularized to this Defendant." *Id*. at 1247.

On February 3, 2009, the trial court once again sentenced the Defendant, but

reduced the ten-year sentence to six years at hard labor, without the benefit of parole, probation, or suspension of sentence. On February 10, 2009, the Defendant filed a Motion to Reconsider the sentence imposed. At a hearing on March 19, 2009, the Motion to Reconsider was denied by the trial court. On March 30, 2009, a Motion for Appeal was filed by the Defendant and granted by the trial court.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that there are no errors patent; however, the minutes of the sentencing proceeding are in need of correction.

The transcript of the February 3, 2009 sentencing proceeding reflects that the trial court imposed the Defendant's six-year sentence for first degree robbery without the benefit of parole, probation, or suspension of sentence; however, this is not reflected in the minutes of the sentencing proceeding. "[I]t is well settled that when the minutes and the transcript conflict, the transcript prevails." *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62. Thus, the trial court is ordered to amend the minutes of the February 3, 2009 sentencing proceedings to accurately reflect the sentencing transcript. *See State v. Perry*, 08-1304 (La.App. 3 Cir. 5/6/09), 9 So.3d 342.

## ASSIGNMENT OF ERROR

The Defendant contends that the trial court failed to give sufficient consideration to mitigating factors in fashioning its sentence in this case and that a six-year sentence for this offender is excessive. The Defendant cites La.Code Crim.P. art. 894.1 and the several factors set forth therein in support of his claims. The

Defendant then asserts that it is clear from the record that the trial court's primary purpose in imposing the six-year sentence was to deter others from considering or committing similar crimes. In support of his argument, the Defendant cites the following portion of the trial court's comments at sentencing:

> I'm going to re-sentence you on this matter[,] and I want you to understand the reasoning behind this. First of all Mr. Blue, there's no doubt in my mind that you are truly remorseful. I believed that the first time[,] and I still believe that today. Right versus wrong, you know what's right, you intend to do what's right from now on, I know that. But there still must be a penalty, you still must pay a penalty to society. Now what's very important in that is precedent. I cannot send out precedent to any young men in Bunkie, in Cheneyville, or anywhere in the state that the first time they commit a robbery they get away with it, that the first time they commit an armed robbery, first degree robbery, or simple robbery[,] that there's no jail penalty. I cannot do that because there is, there has to be. For me to do that, for me to establish that precedent would be for me to deprecate the seriousness of it and say it's okay if the person is really remorseful, I can't do that. It's okay if the person has a strong family structure and just didn't rely on it previously, I can't do that. It's still a robbery, one of those variations, which is extremely serious, these are violent crimes. And the precedent cannot be established for anyone out there that I might take this shot at it because if I'm not successful I still have a good shot of not going to prison. They'd have to know that prison awaits.
>
> . . . .
>
> Previously I had commented on the deterrent effect that I needed to sentence you for. That was a factor, it was not a controlling factor[,] but it was a factor. And the Third Circuit was cautious about that and so I want to . . . although it was not a controlling factor, I want to defer to and be cautious to [sic] you, you're the person jailed, you're the person serving the penalty now. And so I defer in your favor on that argument and give you a break on that argument. Although it was never controlling, but still I'll defer in your favor and knock four years off of the original sentence.

The Defendant further asserts that the sentence imposed was excessive, as he is a first offender and a candidate for probation.

In his Motion to Reconsider Sentence, the Defendant merely alleged that his sentence was excessive. Therefore, we will not consider the Defendant's claim that

3

the trial court failed to sufficiently consider mitigating factors at sentencing. *See* La.Code Crim.P. art. 881.1(E); Uniform Rules—Courts of Appeal, Rule 1–3; *State v. Hebert*, 08-542 (La.App. 3 Cir. 11/5/08), 996 So.2d 688.

This court discussed the standard of review applicable to claims of excessiveness in *State v. Bailey*, 07-130, p. 3 (La.App. 3 Cir. 10/3/07), 968 So.2d 247, 250, as follows:

> A sentence which falls within the statutory limits may be excessive under certain circumstances. To constitute an excessive sentence, this Court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and[,] therefore, is nothing more than the needless imposition of pain and suffering. The trial judge has broad discretion, and a reviewing court may not set sentences aside absent a manifest abuse of discretion.

*State v. Guzman*, 99-1753, 99-1528, p. 15 (La.5/16/00), 769 So.2d 1158, 1167 (citations omitted).

In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La.5/30/03), 845 So.2d 1061 (citations omitted), this court discussed the factors it would consider in order to determine whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals:

> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."

The Defendant was convicted by a jury of the responsive verdict of first degree

4

robbery, which is punishable by imprisonment "at hard labor for not less than three years and for not more than forty years, without benefit of parole, probation[,] or suspension of imposition or execution of sentence." La.R.S. 14:64.1. The Defendant was sentenced to serve six years with the Department of Corrections, without benefit of parole, probation, or suspension of sentence.

In *State v. Washington*, 05-210 (La.App. 5 Cir. 10/12/05), 917 So.2d 488, the court found that the sentence of eighteen years imposed for first degree robbery upon a first offender who had a mental health condition was not excessive.

In *State v. Sutton*, 04-88 (La.App. 3 Cir. 7/7/04), 879 So.2d 419, *writ denied*, 04-2617 (La. 6/24/05), 904 So.2d 730, the defendant argued that his eight-year sentence for first degree robbery was excessive, as he was a twenty-four-year-old first offender who was drunk when he took eleven dollars from the victim while using a toy gun. This court affirmed the defendant's sentence in that case.

After considering the factors set forth in *Bailey*, 968 So.2d 247, and the cases cited herein, we find that the Defendant's sentence is not excessive. Accordingly, this assignment of error lacks merit.

## DISPOSITION

The Defendant's sentence is affirmed. Additionally, the trial court is hereby instructed to amend the minutes of sentencing to accurately reflect the sentencing transcript.

**SENTENCE AFFIRMED WITH INSTRUCTIONS.**