DOMENGEAUX, Chief Judge.
The defendant, Renidrick Vonhirshion, 56, was charged with one count of armed robbery in violation of La.R.S. 14:64 and one count of attempted first degree murder in violation of La.R.S. 14:27 and 14:30.
Pursuant to a defense motion, a sanity hearing was held on February 24, 1988, after which the defendant was found not capable to proceed and was committed to the Department of Health and Human Resources for treatment. On October 12, 1988, another sanity hearing was held and again the defendant was found to lack the mental capacity to proceed. At a subsequent sanity hearing on June 13, 1990, the defendant was found to be mentally competent to proceed.
At arraignment, the defendant entered a plea of not guilty and not guilty by reason of insanity. After a jury trial, the defendant was convicted of armed robbery and aggravated battery. On January 27, 1992, the trial court sentenced the defendant to serve 14 years at hard labor without benefit of probation, parole or suspension of sentence for armed robbery and 18 months for aggravated battery. The sentences were ordered to run concurrently.
The defendant appeals from his sentences based upon six assignments of error.
On December 2, 1987, deputies were dispatched to the Old Parsonage Antique Shop on Highway 12 in Starks, Louisiana. Upon arrival, they spoke to the victim, Owen Metcalf, the owner and manager of the antique shop. Mr. Metcalf stated that the defendant came into the antique shop and browsed around for about 15 minutes when he then asked to proceed to a second room to look at an old organ. After Mr. Metcalf took the defendant into the second room, the defendant hit Mr. Metcalf on the head with an old pipe wrench and wrestled him to the floor. The defendant struck Mr. Metcalf a second time, smashing the middle finger on his right hand. The defendant took the keys to Mr. Metcalf’s truck and left the area. The deputies immediately searched the area but were unable to locate the suspect or the vehicle.
On December 4, 1987, the Calcasieu Parish Sheriff’s Office was contacted by the St. Louis, Missouri County Police Department. The Calcasieu Parish Sheriff’s Office was informed that Mr. Metcalf’s stolen vehicle had been located in St. Louis and the defendant was found asleep in the vehicle. On December 17, 1987, the defendant was transferred from St. Louis, Missouri to the custody of the Calcasieu Parish Correctional Center.
The defendant filed six assignments of error concerning the sentences imposed:
1) The sentence imposed was cruel, unusual and excessive.
2) The trial judge failed to adequately articulate the reasons for sentence and the factual basis therefor.
3) The sentencing court failed to properly apply the Louisiana Sentencing Guidelines in sentencing the defendant in this case.
4) The court, while acknowledging that the Louisiana Sentencing Guidelines were being used to determine the defendant’s sentence, nonetheless, made an upward departure from the guidelines and stated certain aggravating *202 circumstances giving rise to said departure, all of which aggravated circumstances cited, were inappropriate to this case and defendant.
5) The court failed to adequately articulate the reasons for a departure from the sentencing guidelines in this case as required by law.
6) The court failed to properly consider certain mitigating circumstances provided for in the Louisiana Sentencing Guidelines as urged by counsel for the defendant.
The defendant was sentenced on January 27, 1992. The trial judge considered the new sentencing guidelines in imposing sentence, although he stated he was not certain whether the guidelines had become effective on that date.
La.C.Cr.P. art. 894.1, as amended by Acts 1991, No. 22, § 1, provides that when the defendant has been convicted of a felony, the trial court shall consider the sentencing guidelines promulgated by the Louisiana Sentencing Commission. The effective date of this amendment is January 1, 1992, or 30 days after the effective date of the sentencing guidelines, whichever is later. To establish when amended article 894.1 became effective, we must first determine the effective date of the sentencing guidelines.
On December 20, 1991, the Louisiana Sentencing Commission adopted an emergency rule that was published in Vol. 17, No. 12 of the Louisiana Register. The emergency rule stated in part:
As currently promulgated, the sentencing guidelines will take effect on January 20,1992 with publication of the Louisiana Register on that date. Thus, in order to have the guidelines and implementing legislation take effect on January 1, 1992, the emergency rulemaking is necessary. Therefore, the Louisiana Sentencing Commission has adopted an emergency rule that the guidelines shall take effect on January 1, 1992 and shall remain in effect until final rules are published in the January 20, 1992 issue of the Louisiana Register.
This emergency rule evidences an attempt to have both the sentencing guidelines and the implementing legislation take effect on January 1,1992. (The implementing legislation includes La.C.Cr.P. art. 894.1, as amended by Acts 1991, No. 22, § 1.) However, the legislature has provided that amended article 894.1 is to be effective on the later date of either January 1, 1992 or 30 days after the effective date of the sentencing guidelines. Although the Sentencing Commission fixed the effective date of the guidelines as January 1, 1992, the amendment to article 894.1, which mandates their consideration in felony convictions, did not become effective until January 31, 1992.
In the instant case, the defendant was sentenced prior to the effective date of amended article 894.1. The appropriate standard for our review of the defendant’s sentence is found under former article 894.1, in effect on the date of sentencing. We will therefore not address those assignments of error which specifically deal with the application of the new sentencing guidelines.
Art. 1, § 20 of the Louisiana Constitution of 1974, prohibits cruel, excessive, or unusual punishment. A sentence which falls within the statutory limits may nevertheless be excessive under the circumstances. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Naquin, 527 So.2d 601 (La.App. 3d Cir.1988). A sentence is deemed excessive if it makes no measurable contribution to acceptable penal goals and is therefore nothing more than a needless imposition of pain and suffering, or it is grossly out of proportion to the severity of the crime. State v. Everett, 530 So.2d 615 (La.App. 3d Cir.1988), writ denied 536 So.2d 1233 (La.1989). The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within the statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982).
The legislature has provided criteria to aid a sentencing court in determining whether a sentence of imprisonment should *203 be imposed and whether the suspension of a sentence or probation is warranted. La. C.Cr.P. art. 894.1; State v. Klause, 525 So.2d 1076 (La.App. 3d Cir.1988). Paragraph (C) of article 894.1, as it read on January 27, 1992, required the court to state for the record the considerations taken into account and the factual basis used when imposing a sentence. The trial court need not refer to every aggravating and mitigating circumstance in order to comply with the article. However, the record must affirmatively reflect that adequate consideration was given to the codal guidelines in particularizing the defendant’s sentence. State v. Smith, 433 So.2d 688 (La.1983). If an adequate factual basis for the sentence is contained in the record, the trial court’s failure to articulate every circumstance listed in article 894.1 will not necessitate a remand for resentencing. State v. Cottingin, 476 So.2d 1184 (La.App. 3d Cir.1985), appeal after remand, 496 So.2d 1379 (La. App. 3d Cir.1986).
The statutory sentencing range for armed robbery is imprisonment at hard labor for not less than five years and for not more than 99 years, without benefit of parole, probation or suspension of sentence. The statutory sentencing range for aggravated battery is a fine of not more than $5,000, imprisonment with or without hard labor for not more than 10 years, or both. The trial judge sentenced the defendant to 14 years, without benefit of parole, probation or suspension of sentence for armed robbery, and 18 months for aggravated battery. The trial judge ordered the sentences to run concurrently.
It should be noted that as a first felony offender, the defendant is eligible for a suspended sentence and probation under La.C.Cr.P. art. 893. However, in selecting a proper sentence, a trial judge is not limited to considering only a defendant’s prior convictions and may properly review all criminal activity. A trial court is not required to order a suspended sentence or probation on a first felony offense. The trial judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. State v. Withers, 540 So.2d 1052 (La.App. 2d Cir.1989).
In sentencing the defendant, the trial court applied the sentencing guidelines even though he was not certain that they had become effective on the date of the sentencing. The judge determined that the designated sentencing range for armed robbery in this case was 60 to 90 months as indicated in the presentence investigation report. The trial judge stated that there was no recommendation on aggravated battery, but that after considering the guidelines, the minimum sentence would be 36 months. The defense counsel told the judge if the sentences were not imposed concurrently, then the guidelines specifically provided that the court can only sentence the defendant to a maximum of ½ the minimum sentence. The trial judge imposed the sentences to run concurrently; however, he only imposed an 18 month sentence on the aggravated battery charge.
The trial judge then noted that under the guidelines he should depart from the designated sentencing range when sufficient aggravating or mitigating circumstances are present. In stating his reasons for departing from the sentencing range for armed robbery, the trial judge noted the following aggravating circumstances:
1) The offender’s conduct during the commission of the crime manifested deliberate cruelty to the victim in that the defendant hit the elderly victim on the head with a wrench.
2) The defendant knew or should have known that the victim was particularly vulnerable or incapable of resistance due to the victim’s advanced age.
3) The defendant received something of value for the commission of crime, the victim’s truck. The judge noted that, although this was an element of the offense and probably could not be considered as an aggravating factor under the sentencing guidelines, this was not one of the more important factors he considered.
4) The offender used actual violence in the commission of the offense.
*204 5) The victim suffered significant permanent injury or significant economic loss. The victim sustained a crushed finger and a blow to the head, both injuries requiring stitches. The victim incurred medical expenses totalling $355.00.
In summary, the trial judge found that there were significant aggravating circumstances to justify a more serious sentence than was outlined in the guidelines. Additionally, the trial judge specifically considered the mitigating factors set forth in the guidelines and found that there were none in this case. Although the trial judge followed the new sentencing guidelines, he adequately considered all of the appropriate factors under former article 894.1. Further, he adequately set forth aggravating factors supporting his departure from the appropriate grid cell under the new sentencing guidelines. We cannot say these sentences are excessive in light of the possible exposure of five to 99 years for armed robbery and up to 10 years for aggravated battery.
For the above reasons, the sentences of the defendant are affirmed.
AFFIRMED.