657 So.2d 258 (1995)
STATE of Louisiana, Plaintiff-Appellee,
v.
Mark RICHARD, Defendant-Appellant.
No. CR94-1263.
Court of Appeal of Louisiana, Third Circuit.
May 17, 1995.
*259 Morgan J. Goudeau III, Opelousas, Donald J. Richard, Asst. Dist. Atty., for State of Louisiana.
M. Glenn Marcantel Jr., Jennings, for Mark Richard.
Before DOUCET, C.J., and LABORDE and KNOLL, JJ.
KNOLL, Judge.
The defendant, Mark Richard, was convicted by a jury of distribution of cocaine, a violation of LSA-R.S. 40:964 and 967(A). After conducting a presentence investigation, the sentencing court ordered defendant to serve seven years at hard labor. Defendant appeals, relying on two assignments of error. We affirm defendant's conviction and sentence, but remand the case to the trial court to amend the court minutes.

FACTS
On January 3, 1992, undercover narcotic agents working as part of the St. Landry Parish Drug Task Force purchased crack cocaine from Andrew Morrison, a juvenile, in the St. Mathilda Subdivision (hereinafter the sub) in Eunice, Louisiana. The narcotics agents purchased one $20 rock of crack cocaine in the early evening hours. When the agents returned later to the sub, Morrison *260 became suspicious and ran. While Morrison was running away, the agents observed him throw away something that appeared to be two more rocks of crack cocaine; the agents were unable to find the discarded items and no other cocaine was found on Morrison when he was arrested. During his interrogation, Morrison identified defendant, Mark Richard, as the source of the cocaine that he sold to the undercover agents. Pursuant to that information, the undercover agents arrested defendant and charged him with distribution of cocaine.[1]

SUFFICIENCY OF EVIDENCE
Defendant first contends that the evidence was insufficient to prove that he committed the crime of distribution of cocaine. He argues that the State failed to prove beyond a reasonable doubt that he was the individual who supplied Morrison with the crack cocaine that was sold to the undercover agents.
It is well settled that when the issue of sufficiency of the evidence is raised on appellate review, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Thibodeaux, 94-605 (La.App. 3 Cir. 12/7/94), 647 So.2d 525. It is the factfinder's role to weigh the respective credibilities of the witnesses, and therefore the appellate court should not second-guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. Id.
For the State to convict defendant of violating LSA-R.S. 40:967, the State had to prove beyond a reasonable doubt the defendant knowingly and intentionally distributed cocaine, a Schedule II drug. State v. Cargo, 593 So.2d 811 (La.App. 4th Cir.1992).
Defendant's argument on this issue rests on the conflict in testimony between Morrison, the juvenile who sold the cocaine to the undercover agents, and Morrison's juvenile friend, Raphes Joseph (hereafter Joseph). Morrison was steadfast in his assertion that he obtained the crack cocaine from an individual named Mark Richard; however, in his testimony at trial, he stated that the defendant was not the individual he knew as Mark Richard. On the other hand, Joseph testified that he was with Morrison at a dance near the sub when defendant gave the crack cocaine to Morrison to sell. At trial, Joseph unequivocally identified the defendant, Mark Richard, as the individual from whom Morrison obtained the cocaine that Morrison sold to the undercover agent.
Defendant argues that Morrison's testimony was more credible since he had dealt with Mark Richard on two occasions; whereas Joseph saw Mark Richard once for only about one minute. He further argues that Morrison could have sold cocaine to the undercover agents that he obtained from someone other than Mark Richard.
It is axiomatic that it is the function of the trier of fact to evaluate the testimony of witnesses. State v. Thibodeaux, supra. Likewise, it has been held that a fact-finder's decision is not interdicted simply because it accepts one witness' testimony over another's conflicting version. Accordingly, in State v. Tompkins, 403 So.2d 644, 647 (La.1981), the Louisiana Supreme Court stated, "The choice not to believe defendant was one based on the resolution of conflicting testimony, and that choice cannot be upset by this court on the basis that the conflicting version constituted insufficient evidence." Therefore, for reasons that follow, we find no merit to defendant's argument.
From the time of his arrest, Morrison told the police officers that he obtained the crack cocaine from Mark Richard. In addition, Morrison testified that the Mark Richard he knew drove a brown Maxima, lived in the oil mill section of Opelousas, and regularly *261 visited girls in the sub. As evidence that corroborated Morrison's assertion that the person he knew as Mark Richard lived in the oil mill section of Opelousas, the State introduced the testimony of Officer Ronnie Valenta, a drug task force investigator. Officer Valenta testified that he knew that the defendant, Mark Richard, lived in the oil mill section of Opelousas and that he knew of no other Mark Richard who lived in that neighborhood. Moreover, Christina Charles and Mary Johnson, two persons who formerly lived in the sub, identified the defendant as the person they knew as Mark Richard. Christina testified that defendant, Mark Richard, drove a brown Maxima and that he frequently visited the sub. Mary also stated the defendant drove a brown Maxima and that she had seen him in the sub over fifty times. Viewing the record as a whole, it is clear that the jury had more than just conflicting evidence to resolve the issues before it. Accordingly, we find that reasonable jurors could have been convinced beyond a reasonable doubt that the defendant was the individual who distributed crack cocaine to Morrison.

EXCESSIVENESS OF SENTENCE
The defendant next contends that the seven year sentence that the sentencing court meted out was excessive.
In State v. Smith, 93-402 (La. 7/5/94), 639 So.2d 237, the Louisiana Supreme Court stated:
(1) [W]hile a trial judge must consider the Guidelines, he has complete discretion to reject the guidelines and impose any sentence which is not constitutionally excessive, but is within the statutory sentencing range for the crime of which a defendant has been convicted, so long as he states for the record the considerations taken into account and the factual basis for his imposition of that sentence, La.Code Cr.P. art. 894.1; and (2) where the trial judge has considered the Guidelines and imposed a sentence, adequately stating for the record the considerations taken into account and the factual basis for imposition of that sentence, an appellate court is limited to a review of the sentence imposed for constitutional excessiveness, without regard as to whether the trial judge either employed or deviated from the Guidelines.
Id. at 240.
In the case sub judice, the record shows that the sentencing court referred to the sentencing guidelines, considered the sentencing range of 72 to 84 months, and imposed a the maximum sentence that was within the range indicated therein. Considering that the statutorily established punishment for distribution of cocaine ranges from 5 to 30 years at hard labor, defendant's 7 year sentence is well within the statutory limits. Accordingly, we find that our review is confined to the question of whether defendant's 7 year sentence is constitutionally excessive.
Defendant's argument with regard to constitutional excessiveness is that he should have received a suspended sentence since he was a first offender. We disagree.
The standard for appellate review for constitutional excessiveness is whether the sentence is "nothing more than the purposeless imposition of pain and suffering" or is "grossly out of proportion to the severity of the crime." State v. Guidry, 94-607 (La. App. 3rd Cir. 12/7/94), 647 So.2d 511.
Although LSA-C.Cr.P. Art. 893 allows the sentencing court to suspend sentence and grant probation on a defendant's first felony conviction, a defendant's status as a first felony offender does not preclude a sentence of incarceration. State v. Thomas, 596 So.2d 327 (La.App. 3rd Cir.1992). In deciding whether to grant a suspended sentence, the sentencing court may consider whatever factors and evidence it deems important to determine what sentence is in the best interests of the public and the defendant. State v. Vonhirshion, 610 So.2d 200 (La.App. 3rd Cir.1992).
In the case sub judice, we find two aggravating factors that support the sentencing court's determination that incarceration was appropriate. First, the evidence shows that the sentencing court properly considered that defendant distributed the cocaine to a juvenile. Secondly, after defendant was *262 arrested for the present offense on February 28, 1992, he was convicted of possessing an illegal firearm on May 11, 1993, and he received a suspended sentence and was released on supervised probation. Since defendant's adjudication of guilt and sentencing on the possession of illegal firearm conviction occurred after defendant committed the present offense, he could still be considered a first felony offender for purposes of sentencing herein. State v. Smith, 93-1255 (La.App. 3rd Cir. 4/6/94); 635 So.2d 509. Nevertheless, we find that the inclusion of this information in the sentencing report constitutes a significant factor that was permissible for the sentencing court to utilize in deciding against granting a suspended/probated sentence in the present case. Having carefully considered defendant's argument and the record before us, we cannot say that the sentence of 7 years was constitutionally excessive.

ERRORS PATENT REVIEW
We have carefully reviewed the record and have discovered two sentencing errors.
LSA-C.Cr.P. Art. 880 mandates that the sentencing court give defendant credit for time spent in actual custody prior to sentencing. Our review of the court minutes and the transcript of the sentencing hearing show that the sentencing court failed to give the defendant credit for time served. Although resentencing is not required, we remand this case and order the sentencing court to amend the commitment and minute entry of the sentence to give the defendant credit for time served.
Furthermore, LSA-C.Cr.P. Art. 930.8 provides in pertinent part:
A. No application for post conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than three years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922 ...
* * * * * *
C. At the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post conviction relief.
In the present case, the court minutes only state that, "Written notice of right to seek post-conviction relief [was] given to defendant by the court." A copy of the written notice was not included in the appellate record. Not knowing what the post-conviction notice stated, there is nothing on the face of the record that shows that defendant was properly given specific notice of the three year prescriptive period mandated in paragraph A of the article. Since the three year prescriptive period does not begin to run until the judgment is final under LSA-C.Cr.P. Arts. 914 or 922, we find that prescription may not yet be running. Therefore, the district court is directed to inform the defendant of the provisions of LSA-C.Cr.P. Art. 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and to file written proof that the defendant received said notice in the record of these proceedings.
For the foregoing reasons, the defendant's conviction and sentence are affirmed. This case is remanded to the sentencing court with instructions to amend the commitment and minute entries to reflect credit for time served and to provide the defendant with written notice of the prescriptive period for post-conviction relief in accordance with LSA-C.Cr.P. Art. 930.8.
AFFIRMED AND REMANDED.
NOTES
[1] The record shows that after defendant was charged with distribution of cocaine, an amending bill of information was filed charging him with one count of soliciting a minor to distribute a controlled dangerous substance. Before defendant was arraigned on the amended bill of information, the District Attorney formally dismissed the amended bill and announced that he would proceed on the original bill of information. The record shows that defendant entered a plea of not guilty at arraignment to the original bill of information.