NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

04-709 consolidated with 04-711, 04-712

STATE OF LOUISIANA

VERSUS

DAMIEN D. TRAHAN

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NOS. 6314-03, 7707-03, 11377-03
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE
**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

AFFIRMED; REMANDED WITH INSTRUCTIONS.

Robert Richard Bryant, Jr.
District Attorney
Sharon Darville Wilson
Assistant District Attorney
Carla S. Sigler
Assistant District Attorney
P. O. Box 3206
Lake Charles, LA 70602
(337) 437-3400
Counsel for State-Appellee:
State of Louisiana

**Peggy J. Sullivan**
**Louisiana Appellate Project**
**P. O. Box 2775**
**Monroe, LA 71207-2775**
**(318) 387-6124**
**Counsel for Defendant-Appellant:**
**Damien D. Trahan**

**Pickett**, Judge.

**FACTS**

On November 11, 2002, a Lake Charles City Police Officer found the defendant, Damien Trahan, in possession of three rocks of cocaine weighing twenty-four thousandths of a gram. On March 11, 2003, the defendant was charged by a bill of information, 6314-03, with possession of a schedule II controlled dangerous substance, namely cocaine, in violation of La.R.S. 40:967(C)(2) and with operating a vehicle without headlights on the highway between sunset and sunrise, in violation of La.R.S. 32:303.

On January 1, 2003, a Calcasieu Parish Sheriff's Deputy found the defendant to be in possession of a brown vanilla extract bottle containing one quarter of an ounce of phencyclidine. On March 27, 2003, the defendant was charged by a bill of indictment, 7707-03, with possession of a Schedule I controlled dangerous substance with intent to distribute, namely phencyclidine (PCP), in violation of La.R.S. 40:966(A)(1).

On August 29, 2002, a Calcasieu Parish Sheriff's Deputy found the defendant to be in the possession of five rocks of cocaine weighing one and forty-three one hundredths grams. On June 6, 2003, the defendant was charged by a bill of information, 11377-03, with possession of a schedule II controlled dangerous substance, namely cocaine, in violation of La.R.S. 40:967(C)(2).

The defendant was arraigned on August 12, 2003, and entered pleas of not guilty to all charges.

Subsequently, on November 21, 2003, the defendant entered into a plea bargain with the state. As a result of this plea bargain, the defendant pled guilty to the drug

1

charge in bill of information 6314-03, with the state dismissing the second count of driving without headlights; he pled guilty to an amended charge of possession of a schedule I controlled dangerous substance, namely phencyclidine in violation of La.R.S. 40:966(C)(2) under bill of indictment 7707–03; and he pled guilty as charged under bill of information 11377-03. As a part of this plea bargain, the state agreed to *nolle prosse* docket number 17543-03, which charged the defendant with possession of a schedule I controlled dangerous substance, namely phencyclidine and illegal carrying of a weapon; docket number 5568-02, which charged the defendant with resisting an officer, illegal carrying of a weapon and aggravated assault of a police officer; and docket number 20597-03, which charged the defendant with illegal possession of a stolen firearm and resisting an officer.

At the guilty plea hearing, the state and the defendant submitted a joint sentencing recommendation. This recommendation was ultimately rejected by the trial court.

On February 4, 2004, the defendant was sentenced to ten years at hard labor with six years suspended in docket number 7707-03, and to four years at hard labor with three years suspended on each count in docket numbers 6314-03 and 11377-03. These sentences were ordered by the trial court to run consecutively. The defendant filed a Motion to Reconsider Sentence which was denied. This appeal followed.

## DISCUSSION

In his sole assignment of error, the defendant alleges that the trial court erred in imposing a constitutionally excessive sentence upon him.

The defendant filed a Motion to Reconsider in accordance with La.Code Crim.P. art. 881.1. Under Article 881.1, a defendant must file a motion to reconsider

2

the sentence setting forth the specific grounds upon which the motion is based in order to raise any sentencing claims on appeal. *State v. Mims*, 619 So.2d 1059 (La.1993). In order to preserve a claim of constitutionally excessive sentence, the defendant need only claim that his sentence is excessive. *Id*.

In his Motion to Reconsider, the defendant alleged only that his sentence was excessive. The supreme court, in *Mims*, 619 So.2d at 1059-60, held:

> If the defendant does not allege any specific ground for excessiveness or present any argument or evidence not previously considered by the court at original sentencing, then the defendant does not lose the right to appeal the sentence; the defendant is simply relegated to having the appellate court consider the bare claim of excessiveness.

The defendant did not allege any specific ground for excessiveness and is therefore relegated to a bare excessive sentence review. The defendant alleged in his Motion to Reconsider that his sentence was disproportionate to the facts and circumstances surrounding the offenses and his personal history. The defendant also alleged that he is a first felony offender and the period of incarceration will impose a hardship on his family.

This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v.*

3

*Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

In order to decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir.), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

The defendant pled guilty to two counts of possession of cocaine, in violation of La.R.S. 40:967(C)(2) and possession of phencyclidine (PCP) in violation of La.R.S. 40:966(C)(2). La.R.S. 40:967(C)(2) states:

> Any person who violates this Subsection as to any other controlled dangerous substance shall be imprisoned with or without hard labor for not more than five years and, in addition, may be sentenced to pay a fine of not more than five thousand dollars.

La.R.S. 40:966(C) states, in pertinent part:

Any person who violates this Subsection with respect to:

> (2) Phencyclidine, shall be sentenced to imprisonment with or without hard labor for not less than five nor more than twenty years and may be sentenced to pay a fine of not more than five thousand dollars, or both.

4

When sentencing the defendant the trial court stated:

> All right. Mr. Trahan, the Court's called upon to look at Article 894. It says when the defendant's been convicted of a felony, the Court should impose a sentence of imprisonment if any of the following occur.
>
> Is there an undue risk during any period of a suspended sentence or probation, would the defendant commit another crime? The Court's answered that in the affirmative, indicating that you've had constant scrapes with the law as an adult, since 18. And further, these charges originally were pending on August the 2nd. Released on bond, additional charges November the 2nd. Released on bond, and finally charges again on November -- on January the -- I'm sorry, of August of 2002, November of 2002, and of January of 2003, that they occurred. It appears that each time you were given an opportunity you didn't take it serious that you were going to be having to be held accountable for your actions.
>
> Is the defendant in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution? It is noted that you have had opportunities, albeit misdemeanors, that you were given jail sentences, 10 days in the parish jail, 30 days in the parish jail, 54 days in the parish jail, but yet, it still hasn't gathered your attention. So, the Court feels that incarceration is acknowledgeable in your situation.
>
> Would a lesser sentence deprecate the seriousness of the defendant's crime? It's noted that before the Court there are three distinct offenses, all involving controlled dangerous substances and the Court would feel that any lesser sentence than some type of incarceration would deprecate the seriousness of the offense.
>
> As indicated, while the record technically does appear that you are a first offender, you are apparently very familiar with the criminal justice system, having been involved in the juvenile criminal justice system and then upon turning -- as an adult, having numbers of charges and offenses. But however, technically noting that no felony convictions have occurred.
>
> The Court notes as an aggravating circumstance to look at the seriousness of your offenses, that you have been persistently involved in similar offenses that have not already been considered as a criminal history, or part of a multiple offender adjudication. Specifically noting since 1996, up through 2003, various charges being brought against you.
>
> Other aggravating circumstances, that the defendant has no history of prior delinquency. The Court answers that in the negative.

5

Has led a law abiding life for a substantial period of time before the commission of the offense. Again, answering that in the negative.

Will the defendant's conduct be the result of circumstances unlikely to occur? Your history dictates otherwise.

Is the defendant particularly likely to respond to probationary treatment? Again, you've been given opportunities, put out on bond, and still showed a disregard for the criminal justice system.

It does note that you attempted at one point to become involved in a pre-trial drug testing program, however, you did not complete the program, and in fact, returned back into getting into trouble subsequent to that attempt. Any matters that weren't specifically mentioned were reviewed and either deem insignificant or inapplicable to the instant offenses that's before the Court. The Court finds no mitigating circumstances.

At this time, the defendant has pleaded guilty to the offense of possession of CDS-1, Phencyclidine, commonly referred to as PCP, a violation of Title 40:966. With regard to that offense, the Court sentences you to serve 10 years with the Department of Corrections, six of those years suspended.

With regard to possession of cocaine, a violation of Title 40:967, the Court tences you to serve four years with the Department of Corrections and will suspend three of those years. Those four years are to run consecutive with the 10 year sentence on the CDS-1.

With regard to the other count of possession of cocaine, he is sentenced to serve the four years with the Department of Corrections, consecutive, three years of that suspended.

The Court takes cognizance of the Code of Criminal Procedure Article 883 that the offenses before the Court are three distinct acts and not an aggregate, and the Court distinctly orders that the offenses be served consecutively.

It is noted that the totality of the time that you would serve based on the offenses would be six years, Mr. Trahan, and those would be at hard labor.

In *State v. Williams*, 02-707, p. 8 (La.App. 3 Cir. 3/5/03), 839 So.2d 1095,

1100, this court stated:

The trial court must state for the record the considerations taken into account and the factual basis for the sentence. La.Code Crim.P. art.

894.1(C). Although the trial court need not refer to every factor listed in Article 894.1(A), the record should affirmatively reflect that adequate consideration was given to codal guidelines in particularizing the defendant's sentence.

Louisiana Code of Criminal Procedure Article 894.1, however, does not require that the trial court assign any particular weight to any specific matters at sentencing. *State v. Jones*, 33,111 (La.App. 2 Cir. 3/1/00), 754 So.2d 392, *writ denied*, 00-1467 (La. 2/2/01), 783 So.2d 385. The trial court sufficiently considered the aggravating and mitigating circumstances.

In his brief the defendant argues that because he had no criminal history of any kind, his sentence of imprisonment was excessive. This court has held that "although La.Code Crim.P. 893 allows the sentencing court to suspend sentence and grant probation on a defendant's first felony conviction, a defendant's status as a first felony offender does not preclude a sentence of incarceration." *State v. Richard*, 94-1263, p. 5 (La.App. 3 Cir. 5/17/95), 657 So.2d 258, 261. In *State v. Winfield*, 597 So.2d 1222, 1223-24 (La.App. 3 Cir. 1992), this court stated:

> The defendant also places emphasis on his status as a first felony offender. This, however, does not preclude a sentence of incarceration. *State v. Johnson*, 483 So.2d 230 (La.App. 3d Cir.1986). The judge stated a probated sentence would deprecate the seriousness of the offense and that he considered the offense to be a serious one. These reasons have been held by this court to be sufficient to overcome the first felony offender status. *State v. Capdeville*, 438 So.2d 1310 (La.App. 3d Cir.1983).

The defendant claims that as he is a first offender, he should be granted suspended sentences and be placed on probation. The trial judge stated that he felt lesser sentences would deprecate the seriousness of the offense, and that because the defendant had "constant scrapes with the law" and had committed two of the offenses while on bond, there was undue risk the defendant would commit another crime if the

7

sentences were suspended and the defendant was in need of a "custodial or correctional environment." Under *Winfield*, this is enough to overcome the first offender status.

This court has held that "when the offense to which the defendant pled guilty does not adequately describe his conduct, the trial court may take into consideration the benefit the defendant obtained through the plea bargain. *Williams*, 839 So.2d at 1101, *citing State v. Lanclos*, 419 So.2d 475 (La.1982). This court further stated that the trial court should particularly make such considerations where the plea bargain results in a significant reduction in the defendant's potential exposure to imprisonment." *Id., citing State v. Robinson*, 33,921 (La.App. 2 Cir. 11/1/00), 770 So.2d 868; *State v. Waguespack*, 589 So.2d 1079 (La.App. 1 Cir.1991), *writ denied*, 596 So.2d 209 (La.1992).

In this case the state agreed to dismiss seven additional charges including: possession of phencyclidine, two counts of illegal carrying of a weapon, two counts of resisting an officer, aggravated assault on a police officer and illegal possession of a stolen firearm. The count of possession of phencyclidine carries a penalty of up to twenty years in prison. La.R.S. 40:966(C)(2). The two counts of illegal carrying of a weapon carry a penalty of up to six months in prison each. La.R.S. 14:95(B)(1). The two counts of resisting an officer carry a penalty of up to six months in prison each. La.R.S. 14:108(C). The crime of aggravated assault on a police officer carries a penalty of up to six months in prison. La.R.S. 14:37. Illegal possession of a stolen firearm carries a penalty of up to five years in prison. La.R.S. 14:69.1(B)(1). The defendant received a great benefit by having these charges dismissed, relieving him of facing a possible twenty-seven and a half years in prison.

8

The defendant also received a benefit by pleading to possession of phencyclidine. The defendant was originally charged with possession of phencyclidine with intent to distribute which carries a penalty of up to thirty years in prison. La.R.S. 40:966(B)(2). The defendant received the benefit of ten years reduced sentencing exposure.

The trial court adequately noted all of the relevant aggravating and mitigating circumstances. The defendant committed the second crime while on bond for the first crime and committed the third crime while on bond for the second. The defendant also received a great benefit by pleading guilty to the reduced charges. The trial court did not abuse its wide discretion in sentencing the defendant. Accordingly, this assignment of error is without merit. The defendant's sentences are affirmed.

## ERROR PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by the court for errors patent on the face of the record. After reviewing the record, we find one error. The minutes of sentencing require correction. The minutes indicate the defendant was sentenced to three years at hard labor, three years suspended, and three years supervised probation on each count of possession of cocaine. The transcript of sentencing, however, reflects that the trial court sentenced the defendant to four years at hard labor, three years suspended, and five years supervised probation. We are remanding this matter to the trial court for the purpose of amending the minutes to accurately reflect the actual sentence imposed.

## CONCLUSION

The defendant's sentences are affirmed. This matter is remanded to the trial court for correction of the minutes.

9

**AFFIRMED; REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3(c), Uniform Rules, Courts of Appeal.