PEATROSS, J.
| Raymond Luther Seals, Jr. (“Defendant”) was charged with armed robbery and later found guilty of the same by a unanimous jury verdict. Defendant was adjudicated a second-felony offender. The trial court imposed a sentence of 60 years at hard labor, without the benefit of parole, probation or suspension of sentence, and payment of court costs. Defendant appeals his sentence, claiming that it is excessive. For the reasons set forth herein, we affirm the sentence. !

FACTS

On May 19, 2003, Defendant entered the Pizza Hut on East Bert Kouns Industrial Loop in Shreveport, Louisiana, complaining of a problem with a pizza and asked to see the store’s manager. An assistant manager came to help him, and Defendant raised his shirt revealing a gun he had tucked in his waistband. He demanded that she open the safe and that he be given keys to one of the cars in the parking lot. The assistant manager went to a register and surrendered approximately $450 in cash. She then instructed a restaurant employee to tender her car keys to the gunman, as he was demanding. Both the assistant manager and the restaurant employee identified Defendant as the armed gunman at a- pre-trial photo line-up and later in court. Defendant was subsequently arrested, charged, convicted and sentenced for his role in this offense. He now appeals his sentence as constitutionally excessive.

DISCUSSION

In reviewing claims of excessive sentence, an appellate court uses a two-stép process. First, the record must show that the trial court took] ¡¡cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The articulation of the factual basis for a sentence is the goal of La. C. Cr.-P. art. 894.1, not a rigid or mechanical compliance with its- provisions. Id. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary, even where there has not been full compliance with La. C. Cr. P. art. 894.1. Id.
The’ factors to be considered in sentencing are the defendant’s personal history (age,, family ties, marital status,' health, employment record), prior criminal *928 record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864. There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,-111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385.
Second, whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. Láñelos, supra. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the |ssense of justice. State v. Hogan, 480 So.2d 288 (La.1985); Bradford, supra.
Defendant argues that the record must adequately reflect that appropriate consideration was given to the sentencing guidelines when particularizing a defendant’s sentence. State v. Smith, 433 So.2d 688 (La.1983). He further cites State v. Lathers, 444 So.2d 96 (La.1983), in which the Louisiana Supreme Court held that a sentence, although within the statutory limits, may be extreme and, therefore, violative of the defendant’s constitutional rights against excessiveness. He notes in his brief that 14 of the 20 aggravating factors listed in 894.1 did not apply in this situation. Defendant argues that, in light of the facts of his case, his sentence is “extreme” and, thus, excessive in violation of his constitutional rights.
The State responds that Defendant’s sentence was not extreme, nor violative of his Constitutional rights against excessiveness. In support of this proposition, it cites State v. Jordan, 35,643 (La.App.2d Cir.4/3/02), 813 So.2d 1123, writ denied, 02-1570 (La.5/30/03), 845 So.2d 1067, in which this court held, inter alia, that a convicted second felony defendant’s sentence of 58 years was not excessive. In light of the holding in Jordan, supra, it argues that the Defendant’s sole assignment of error in the instant appeal lacks merit. We agree.
Our review of the record reflects that, prior to imposing a sentence, the trial judge stated that she had reviewed the PSI report and had considered the factors found in La. C. Cr. P. art. 894.1. The court stated that this offense was a crime of violence, that a firearm was used in the | ¿commission of this crime and that she noted Defendant’s prior criminal history.
We note that, under La. R.S. 14:64 and La. R.S. 15:529.1, the sentence range for a second-felony offending armed robber is not less than 49)4 to 198 years at hard labor. In the instant matter, the trial court imposed a sentence of 60 years at hard labor, without the benefit of parole, probation or suspension of sentence, and payment of court costs. Considering the totality of the record, we do not find this to be constitutionally excessive. The sentence imposed is less than one-third of the maximum sentence for a second-felony offender convicted of armed robbery. The record shows that the trial court adequately considered the facts of this particular case. Accordingly, we do not find that the sentence imposed is grossly disproportionate to the severity of the offense, nor is it shocking to the sense of justice.

ERROR PATENT REVIEW

Defendant urges that the trial court failed to impose a sentence on the underly *929 •ing conviction before sentencing him as a second-felony offender. This argument has no merit. Under the provisions of La. R.S. 15:529.1, a court is obligated to set aside a prior sentence if. one had been imposed prior to .the habitual offender adjudication, but is not required to impose sentence before the enhancement adjudication.

CONCLUSION

For the reasons set forth in this opinion, the sentence of Defendant, Raymond Luther Seals, Jr., is affirmed.
AFFIRMED.