NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-281

STATE OF LOUISIANA

VERSUS

MIKALA L. JANUARY

**********

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. CR 20-07
HONORABLE HERMAN I. STEWART  JR., DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and James T. Genovese, Judges.

SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS.

Hon. David W. Burton
District Attorney - 36th JDC
P. O. Box 99
DeRidder, LA 70634
(337) 463-5578
Counsel for Appellee:
 State of Louisiana

Mitchel M. Evans II
Attorney at Law
P. O. Drawer 28
DeRidder, LA 70634
(337) 462-5225
Counsel for Defendant-Appellant:
 Mikala L. January

**PICKETT, Judge.**

## FACTS

The following facts were adduced from the record before this court.

During the period from September 14, 2006, through September 18, 2006, the defendant did engage in such conduct as to constitute the offense of bank fraud, in violation of La.R.S. 14:71.1.

On February 27, 2007, the defendant, Mikala L. January, was indicted by bill of information on one count of bank fraud, in violation of La.R.S. 14:71.1. Thereafter, on October 12, 2007, the defendant pled guilty to the offense. Then, on December 3, 2007, the defendant was sentenced to four years at hard labor, suspended, and placed on supervised probation for four years and ordered to serve 90 days in the parish jail. On January 8, 2008, the court modified the defendant's sentence whereby it reduced her 90-day sentence in the parish jail to 45 days. On the same date, the defendant filed a written notice of appeal. The defendant is now before this court on appeal and alleges the following assignments of error:

> 1. The trial court committed an abuse of discretion in failing to consider the mitigating factors under the relevant provisions of C.Cr.P. Art. § 894.1. Consequently, the imposed sentence is excessive in the case *sub judice.*

> 2. The trial court committed an abuse of discretion in failing to impose sentence under the relevant provisions of C.Cr.P. Art. § 893(E)(2).

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there is one error patent.

1

An error patent resulted from the trial court's failure to establish a payment plan for the $1500.00 fine and court costs imposed as a condition of probation.

Louisiana Code of Criminal Procedure Article 888, found in the general sentencing provisions, states that costs and fines are payable *immediately*. There are several articles in the chapter dealing with suspended sentences and probation that mention fines and costs; however, they do not specifically address the method nor time for payment of fines and/or costs. The pertinent articles in this chapter are Articles 894.4 and 895.1. First, Article 894.4 states:

> When a defendant has been sentenced to probation or is on parole and has a monetary obligation, including but not limited to court costs, fines, costs of prosecution, and any other monetary costs associated with probation or parole, the judge may extend the period of probation or parole until the monetary obligation is extinguished.

Pertinent portions of La.Code Crim.P. art. 895.1 provide:

> A. (1) When a court places the defendant on probation, it shall, as a condition of probation, order the payment of restitution in cases where the victim or his family has suffered any direct loss of actual cash, any monetary loss pursuant to damage to or loss of property, or medical expense. The court shall order restitution in a reasonable sum not to exceed the actual pecuniary loss to the victim in an amount certain. However, any additional or other damages sought by the victim and available under the law shall be pursued in an action separate from the establishment of the restitution order as a civil money judgment provided for in Subparagraph (2) of this Paragraph. The restitution payment shall be made, in discretion of the court, either in a lump sum or in monthly installments based on the earning capacity and assets of the defendant.

> (2)(a) The order to pay restitution together with any order to pay costs or fines, as provided in this Article, is deemed a civil money judgment in favor of the person to whom restitution, costs, or fines is owed, if the defendant is informed of his right to have a judicial determination of the amount and is provided with a hearing, waived a hearing, or stipulated to the amount of the restitution, cost, or fine ordered. In addition to proceedings had by the court which orders the restitution, cost, or fine, the judgment may be enforced in the same manner as a money judgment in a civil case. Likewise, the judgment may be filed as a lien as provided by law for judgment creditors. Prior

to the enforcement of the restitution order, or order for costs or fines, the defendant shall be notified of his right to have a judicial determination of the amount of restitution, cost, or fine. Such notice shall be served personally by the district attorney's office of the respective judicial district in which the restitution, cost, or fine is ordered.

. . . .

B. When a court suspends the imposition or the execution of a sentence and places the defendant on probation, it may in its discretion, order placed, as a condition of probation, an amount of money to be paid by the defendant to any or all of the following:

(1) To the indigent defender program for that court.

(2) To the criminal court fund to defray the costs of operation of that court.

(3) To the sheriff and clerk of court for costs incurred.

(4) To a law enforcement agency for the reasonable costs incurred in arresting the defendant, in felony cases involving the distribution of or intent to distribute controlled dangerous substances.

(5) To the victim to compensate him for his loss and inconvenience. Such an amount may be in addition to any amounts ordered to be paid by the defendant under Paragraph A herein.

(6) To a duly incorporated crime stoppers organization for the reasonable costs incurred in obtaining information which leads to the arrest of the defendant.

(7) To a local public or private nonprofit agency involved in drug abuse prevention and treatment for supervising a treatment program ordered by the court for a particular defendant, provided that such agency is qualified as a tax-exempt organization under Section 501(c) of the Internal Revenue Code of the United States.

Although the probation articles cited above do not specifically address the method or time for payment of fines and costs, Articles 894.4 implies, perhaps, that the trial court may allow for the payment of fines and costs over a portion of or the duration of probation instead of requiring that they be paid immediately.

3

Historically, in cases where the trial court establishes an insufficient payment plan for fines and costs, or orders the Office of Probation and Parole to establish the payment plan, this court has remanded the case to the trial court for the trial court to establish a payment plan. *See State v. Brack*, 99-1103 (La.App. 3 Cir. 3/1/00), 758 So.2d 310 (restitution, IDB fees, fines, and costs), *State in the Interest of J.M.*, 06-624 (La.App. 3 Cir. 11/2/06), 941 So.2d 686 (fine, costs, IDB reimbursement), *State v. Slaydon*, 05-794 (La.App. 3 Cir. 2/1/06), 921 So.2d 1199 (fine and costs), and *State v. Day*, 05-287 (La.App. 3 Cir. 11/2/05), 915 So.2d 950 (fine, costs, and fees, and reimbursement to IDB). However, since this court's en banc ruling rendered in *State v. Stevens*, 06-818 (La.App. 3 Cir. 1/31/07), 949 So.2d 597, it has held that it is permissible for the trial court to allow Probation and Parole to formulate the payment plan, with approval by the trial court. *See State v. Fuslier*, 07-572 (La.App. 3 Cir. 10/31/07), 970 So.2d 83. In these cases, the trial court chose to order a payment plan as opposed to being silent on the mode of payment.

In cases in which the trial court orders payment of a fine and court costs as conditions of probation, but is silent as to the mode of payment, (*i.e.*, it makes no attempt to establish a payment plan), this court has required a payment plan be established. *State v. Theriot*, 04-897 (La.App. 3 Cir. 2/9/05), 893 So.2d 1016 (fine, court costs, and cost of prosecution), and *State v. Fuslier*, 07-572 (La.App. 3 Cir. 10/31/07), 970 So.2d 83 (fine and court costs). Support for these holdings has come from analogy to restitution cases, mainly *State v. Dean*, 99-475 (La.App. 3 Cir. 11/3/99), 748 So.2d 57, *writ denied*, 99-3413 (La. 5/26/00), 762 So.2d 1101(restitution only); *State v. Reynolds*, 99-1847 (La.App. 3 Cir. 6/7/00), 772 So.2d 128 (restitution, fine, and costs); and *State v. Fontenot*, 01-540 (La.App. 3 Cir.

11/7/01), 799 So.2d 1255 (restitution, court costs, and payments to victim's fund, Indigent Defender Board, and District Attorney). The authority for ordering a payment plan in these cases was derived from either La.Code Crim.P. art. 895.1 and/or jurisprudence dealing with payment plans for *restitution*.

This case is remanded to the trial court for establishment of a payment plan for the fines and court costs. The plan may either be determined by the trial court or by Probation and Parole, with approval by the trial court.

**ASSIGNMENT OF ERROR NUMBER ONE**

In her first assignment of error, the defendant alleges that the trial court failed to adequately take into consideration mitigating factors under La.Code Crim.P. art. 894.1, and consequently, the sentence as imposed is excessive. A review of the record before this court reflects the fact that the defendant failed to move orally or file a motion to reconsider her sentence. The defendant's allegations are without merit.

The defendant fails to clearly articulate what mitigating factors the trial court failed to consider in fashioning her sentence. In her brief to this court, the defendant accurately states that the trial judge is not required to list every aggravating or mitigating factor as long as the record reflects the trial court takes the guidelines of Article 894.1 into consideration. The defendant's argument seems to be that she was a first-time offender with no prior record and one of the reasons given by the court for the imposition of its sentence was that it felt she was a manipulative and scheming person. It is the defendant's contention that the trial court never offered any proof that she was manipulative or scheming. In *State v. Seals*, 40,597, pp. 1-2 (La.App. 2 Cir. 3/8/06), 923 So.2d 926, 927, the court stated:

> First the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. *State v. Lanclos*, 419 So.2d

5

475 (La.1982). The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not a rigid or mechanical compliance with its provisions. *Id*. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary, even where there has not been full compliance with La. C. Cr. P. art. 894.1. *Id*.

The defendant's argument is that during sentencing, the court acknowledged that the defendant had no prior record. This statement notwithstanding, during the sentencing hearing on December 3, 2007, the trial judge repeatedly called into question the defendant's veracity, specifically related to her breach of promise made to the court with respect to paying restitution and the manipulative nature of the offense of bank fraud in general. The following are excerpts from the defendant's December 3, 2007 sentencing hearing where the trial court is questioning the defendant about a letter she wrote on October 9, 2007:

THE COURT Well I have this letter. I'm going to ask you about this letter - -

THE WITNESS Okay.

THE COURT - - and if you've got an updated letter, I don't have it. Okay?

THE WITNESS Okay.

THE COURT In that letter you stated: "I am going to pay the bank all of their money by October 12, 2007."

THE WITNESS Very correct. On - I'm sorry, go ahead.

THE COURT And you did so?

THE WITNESS No, I did not.

THE COURT Well why should I believe the rest of the stuff you're telling me?

THE WITNESS In that letter when I wrote that, when I sat down and talked to her, I had $3,000. And what happened was, the week before - - No, not the week before. I'm trying to think. My dad died on the

6

twentieth.  So a couple of days before I was scheduled to come to court, I got a call saying, "You need to come to Atlanta."  And I was like, "Well what is wrong?"  It was like, "Your dad just had a stroke."  I mean, I haven't seen him in five years, since the wedding.  But I said, "Well, okay."  So I gathered all the kids up and went to Atlanta.  He was bad.  He was bad off, so I said okay - -

THE COURT      That was more important than staying out of jail?

THE WITNESS      Well, see, I didn't know it was coming,  you know, down to the point of me going to jail.  No, it wasn't because my - -

THE COURT      It's coming down to the point of you going to jail anytime you plead guilty to a felony.

THE WITNESS      All this is new to me.

THE COURT      You're not going to use your kids to stay out of jail.

THE WITNESS      I mean, all this is new to me.  I mean - -

THE COURT      I don't care how new it is to you.  You made a promise to the court that on October 12 you were going to pay off - -

THE WITNESS      I wrote that letter -

THE COURT       - - City Savings Bank.

THE WITNESS      Right.  I wrote that letter to her - -

THE COURT      That was a promise to the Court.

THE WITNESS      And she was supposed to sent [sic] you an updated letter that did not have that in there.

THE COURT      Who is "she"?

THE WITNESS      Yvonne from Mitchell Evans' office.

THE COURT      Oh, Mr. Evans' is responsible for me not getting the letter?

THE WITNESS      Well, I sent it to them; and she was going to fax it over.

7

At the same proceedings, on December 3, 2007, the court went on to discuss the nature of bank fraud and the court's perception of the defendant's unwillingness to take responsibility for her conduct:

> THE COURT      This was a check-kiting scheme, apparently, that you were involved in, for which you were convicted. Depositing money in one bank, drawing the check on that bank when you knew that there weren't the funds in the bank. This is a manipulative-type crime, and I think you're trying to manipulate the Court.
>
> THE WITNESS      No, I'm not. Because, actually, with that, the money should have been there. Like I told the court, when I left to go -
>
> THE COURT      The money should have been paid to City Savings Bank or the Court by October 12, too; and you decided to spend it another way. Previously, you give [sic] an excuse that y'all had $3,000 -- I don't know why it turns out $3,000 again--back in the prior year which was seized by the IRS.
>
>          . . . .
>
> THE COURT      On the offenders's statement section of the PSI, it is stated: "On November 6, 2006, Mikala January was brought into the Beaurgard Parish Sheriff's Office for an interview. In a voluntary statement January admitted to writing the checks in question. She also stated she knew it was wrong to write checks when she did not have the money in the accounts to cover them." So you knew you didn't have the money in the account to cover them.
>
> THE WITNESS      At the time that I wrote the check on Thursday, that Thursday I knew I did not have the money in there. I knew I would have the money in there Monday prior to the check clearing.
>
> THE COURT      It seems the money is always someplace else. The $2,500 you gave Danny Groves didn't get to the bank. The $3,000 that you were going to apply on the restitution was levied on by the IRS. The $3,000 you were going to take and pay restitution on October 9, you found something else to do with that money. I have a hard time believing you about anything. I really do. You're apparently a very intelligent woman or you would never have been able to get a chemical engineering degree. That is a tough degree to get. For some strange reason--apparently it's the hours you don't like--you don't use that degree anymore. That's sort of a mystery to me.
>
>          . . . .

8

THE COURT      In all this time you've never found any money to try to make restitution on  - -

THE WITNESS    No.

THE COURT      - - or you find the money and it disappears.

THE WITNESS    Well, no, it didn't disappear.    Things keep happening.  I would have never expected - -

THE COURT      You know, things are going to keep happening to people; but what's going to happen to you is you're going to be doing some jail time, most likely. Okay? Because you haven't taken care of the business that you're suppose to.

THE WITNESS    I've tried.  I've tried my hardest.

THE COURT      It doesn't look like you've made any effort at all to me.

Finally, on the date of sentencing, December 6, 2007, immediately prior to imposing its sentence, the trial court stated, "I have taken into account all of the provisions of Code of Criminal Procedure Article 894.1 pertaining to sentencing."

Based on the colloquies above, the record supports the sentence as imposed and that the trial adequately complied with the requirements of Article 894.1. Accordingly, the defendant's assignment of error is without merit.

In her first assignment of error, the defendant also alleges that her sentence is excessive.  As previously noted, the defendant failed to file a motion to reconsider her sentence.  In *State v. Hargrave*, 05-1027, pp. 9-10 (La.App. 3 Cir. 3/1/06), 926 So.2d 41, 47, *writ denied*, 06-1233 (La. 11/22/06), 942 So.2d 552, this court stated:

> Defendant did not file any motions to reconsider the sentence. Therefore, her excessiveness claim is barred by  La.Code Crim.P. art. 881.1.  However, in the interest of justice, this court will review the assignment as a bare claim of excessiveness. *State v. Graves*, 01-156 (La.App. 3 Cir. 10/3/01), 798 So.2d 1090, *writ denied*, 02-29 (La.10/14/02), 827 So.2d 420.

9

As the defendant failed to file a motion to reconsider sentence, we will evaluate this claim as a bare claim of excessiveness.

This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

In order to decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App.1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

The defendant pled guilty to one count of bank fraud, in violation of La.R.S. 14:71.1. The sentence for bank fraud is up to ten years at hard labor and a fine up to $100,000.00. In the instant case, the defendant was sentenced to four years at hard labor, suspended, placed on supervised probation for four years, and ordered to serve 45 days in parish jail. The defendant's sentence is less than half of the sentence that she could have received. Furthermore, the period of incarceration that she will ultimately be subject to is no more than 45 days, as the trial court gave her credit for any time served. Our review of the jurisprudence associated with La.R.S. 14:70.1 and excessive sentences yielded no insight to offer any comparisons of other sentences, as the defendants in those cases had significant criminal backgrounds. However, while this defendant received a four-year sentence, the sentence was suspended for what shall ultimately be a 45 day period of incarceration in parish jail. Furthermore, she was only required to make restitution for funds she defrauded from the bank, whereas she could have been fined up to $100,000.00 according to the statute. Accordingly, we find the sentence is not excessive.

Based on the preceding analysis, we find that the trial court adequately considered the factors pursuant to Article 894.1 and that the defendant's sentence is not excessive. Accordingly, her first assignment of error is without merit.

## ASSIGNMENT OF ERROR NUMBER TWO

In her second assignment of error, the defendant alleges that the trial court erred in refusing to sentence her pursuant to La.Code Crim.P. art. 893(E)(2). The defendant asserts that since its inception in 1997, Division B of the 36th Judicial

11

District Court has never imposed a sentence pursuant to La.Code Crim.P. arts. 893 or 894. In fact, the defendant asserts that the practice is so firmly set that, "it is a long-standing custom at Criminal Court for lawyers to no longer request imposition of sentence under either article." Based on the analysis to follow, we find the defendant's claim is without merit.

In support of her position, the defendant cites *In re Elloie*, 05-1499 (La. 1/19/06), 921 So.2d 882, where the court censured a district court judge for failing to follow local court rules and statutory law with respect to granting expungements. In *Elloie*, the judge in question granted expungments to two criminal convicts whose cases were not on his docket and who were not eligible to have their records expunged, thus violating both local rules and statutory law. The judge's defense in engaging in such conduct was that it was the custom to do so in the Orleans District Court. *Id*. The defendant's attempt to analogize engaging in an illegal practice as a matter of custom as identified in *Elloie* and a judge's lengthy record of not imposing sentences pursuant to La.Code Crim.P. art. 893 is misplaced; the former course of conduct is clearly prohibited while the latter is permissible as a discretionary function of the trial court. Furthermore, the defendant has failed to allege or provide any proof that in refusing to impose her sentence pursuant to La.Code Crim.P. art. 893, the trial court violated any local rules or statutory law.

Louisiana Code of Criminal Procedure Article 893(E)(2), states:

> Upon motion of the defendant, if the court finds at the conclusion of the probationary period that the probation of the defendant has been satisfactory, the court may set the conviction aside and dismiss the prosecution. The dismissal of the prosecution shall have the same effect as acquittal, except that the conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender, and further shall be considered as a first offense for purposes of any other law or laws relating to cumulation of offenses.

Dismissal under this Paragraph shall occur only once with respect to any person.

It is well within the discretion of the trial court to impose any sentence that is supported by the record that is not constitutionally excessive. *State v. Woodman*, 28,004 (La.App. 2 Cir. 1/24/96), 666 So.2d 1255, *writ denied,* 96-489 (La. 5/3/96), 672 So.2d 696. Furthermore, with respect to first felony offenders, this court in *State v. Richard*, 94-1263, pp. 5-6, (La.App. 3 Cir. 5/17/95), 657 So.2d 258, 261, stated:

> Although LSA-C.Cr.P. Art. 893 allows the sentencing court to suspend sentence and grant probation on a defendant's first felony conviction, a defendant's status as a first felony offender does not preclude a sentence of incarceration. *State v. Thomas*, 596 So.2d 327 (La.App. 3rd Cir.1992). In deciding whether to grant a suspended sentence, the sentencing court may consider whatever factors and evidence it deems important to determine what sentence is in the best interests of the public and the defendant. *State v. Vonhirshion*, 610 So.2d 200 (La.App. 3 Cir. 1992).

The sentence imposed is supported by the record and is not excessive. Thus, pursuant to *Woodman*, the trial court had the discretion to sentence the defendant to any legal sentence supported by the record and did not abuse its discretion by failing to sentence her pursuant to La.Code Crim.P. art. 893(E)(2). *Woodman*, 666 So.2d 1255; *Richard*, 657 So.2d 258. Accordingly, the defendant's assignment of error is without merit.

## CONCLUSION

This matter is remanded to the trial court for establishment of a payment plan for the fines and court costs. The plan may either be determined by the trial court or by Probation and Parole, with approval by the trial court. In all other respects, the defendant's sentence is affirmed.

**SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules, Courts of Appeal.

13